**EAST TEXAS CONST. CO., Inc. et al.
v. RENO.**

No. 12149.

Court of Civil Appeals of Texas.
Galveston.

June 15, 1950.

Rehearing Denied July 13, 1950.

Strong, Baker & Compton and John L. Compton, all of Houston, for appellants.

Joel W. Cook, of Houston, for appellee.

CODY, Justice.

In this action appellee (plaintiff below), the owner of a Flynn Road Building Machine, sought to recover from East Texas Construction Company, Inc. rent alleged to be due and unpaid for the use of said machine. By his said action, appellee also sought to recover damages and also sought to enforce a release bond which was given by East Texas Construction Company, Inc., as principal, and by St. Paul Mercury & Indemnity Company, as surety, to the State Highway Department under the provisions of art. 5472b—1, Vernon's Ann.Civ.St., in order to obtain a release of funds due by the Highway Department to the East Texas Construction Company, Inc.

It should be stated, parenthetically, that the East Texas Construction Company, Inc. had a contract with the Highway Department to construct a soil-cement highway in Jasper County. That the Flynn Road Building Machine is a machine for constructing soil-cement roads, and that it is adapted for use only where the soil is of such a nature as renders it suitable for being combined with cement. That apparently there are only eleven of such machines in the United States. That on April 19, 1945, appellee wrote J. T. Kelley, District Highway Engineer, of Beaumont, Texas, that he had such a machine and that it was available for use on soil-cement jobs to be constructed in Mr. Kelley's District; and that, if the successful bidder on the contract wished to rent the machine, appellee was asking the rental price of four cents per square yard for the use of the machine; that such price was standard for the use of the machine "same being rented on the A. G. C. Schedule as to maintenance and repairs and freight being paid both ways by lessee. We have two of these machines and they are both in Class A shape and could start work at any time."

From the foregoing explanatory digression, we return to state that, in addition to the East Texas Construction Company, Inc., appellee also made the aforesaid surety on the aforesaid bond a party defendant. But since the surety makes no contention that it is not liable on the bond, if the East Texas Construction Company is found to be liable, and since the surety merely joined the construction company in making a common defense, and has joined in appealing from the judgment, it will tend to simplify this opinion if the surety is not hereafter mentioned except in the statement of the judgment appealed from. And the term "appellant" will hereafter be used to apply only to the construction company.

The appellee (plaintiff) filed extensive and lengthy pleadings. The appellant filed an answer which required appellee to prove his allegations, and appellant also filed a cross-action. These allegations of the answer and cross-action were also extensive. The substance of the allegations of the parties can be gathered from the special issues submitted thereunder to the jury. The substance of the special issues which were so submitted under the pleadings of the parties, as answered by the jury, is:

(1) That appellee and C. A. Robertson, Superintendent for appellant, agreed, prior to the shipping of the Flynn machine in controversy, it would be used to process 100,000 square yards of soil-cement material.

(2) That the reasonable monthly rental value of a Flynn machine in good condition in Jasper County, Texas, in June, July, and August, 1945, was $1,400.

(3) That at the time said machine was shipped to appellant, it was not capable, under the conditions it was intended to be used when properly maintained and operated, of performing with reasonable efficiency the work for which it was intended by appellant.

(4) That the condition of the machine was known, or should have been known, to appellant after the trial run and prior to its actual use on the highway project.

(5) That in operating said machine in its then condition, appellant failed to exercise proper care.

The sixth special issue was submitted on appellant's cross-action, and, as answered, was substantially:

(6) That the expense incurred by appellant in repairing the machine considering: (a) wages paid appellant's employees actually engaged in repairing the machine was $300; (b) rental value of equipment belonging to appellant and on the job while the Flynn machine was being repaired, and which could not be used pending such repairs, was $300; (c) rental value of equipment rented by appellant and employed on the job while the Flynn machine was being repaired, and which for that reason could not be used, was $400.

Though the appellant seasonably moved for judgment notwithstanding the verdict, etc., the court, on June 1, 1949, rendered judgment it was of the opinion "from the findings of the jury and the undisputed facts in evidence * * * and the stipulations that the defendants, East Texas Construction Company and St. Paul Mercury & Indemnity Company are indebted to plaintiff in the sum of $4,286.28 and that defendants are entitled to offset against said indebtedness the sum of $1,175 leaving a balance owing by defendants to plaintiff in the amount of $3,111.28 plus interest from January 1, 1946, until paid; and it further appearing to the court that the amount sued for herein by plaintiff is only the sum of $2,846.28 plus interest from January 1, 1946, which said sum plus interest now equals $3,-429.77 * * * *", and the court accordingly rendered judgment for appellee for said sum against the East Texas Construction Company and St. Paul Mercury & Indemnity Company, jointly and severally.

Appellant has predicated its appeal upon eight points which cover some three pages of its brief. Appellee has urged objections to the consideration of most of appellant's said points on the grounds that appellant has flagrantly disregarded the briefing rules. But the remedy for violation of briefing rules is not a refusal to consider the brief, but a requirement of rebriefing. Rule 422, T.R.C.P. We overrule appellee's objection to appellant's points being considered. It is only where an appellant has failed to preserve an error so as to give this court jurisdiction to pass thereon that this Court would be justified in refusing to consider the points upon which an appeal is predicated. The substance of appellant's points is this:

That appellee has sued upon an express written contract for an agreed rental of 4 cents for each square yard of soil-cement processed by the machine, and has further sued to enforce the release bond; but that the trial court erroneously permitted appellee to set up, by amendment, after it was barred by the two-year statute of limitation, a claim in quantum meruit for the reasonable rental value of the machine. Also that the trial court erroneously permitted appellee, after appellee had elected to sue on an express written contract, and after two years had elapsed, to file a trial amendment and allege therein an oral agreement that the machine would be used to process 100,000 square yards of soil-cement. That the court erred in admitting evidence in support of said allegation, which violated the parol evidence rule, and that it was an abuse of the trial court's discretion to allow the appellee to file said trial amendment making said allegations. That the court erred in submitting Special Issue No. 1 to the jury, and erred in rendering judgment thereon, particularly in that the answers to Special Issues Nos. 2 and 3 are in conflict with Special Issue No. 1, as answered by the jury, and destroy any basis for a judgment. Appellant also urged that the court erred in refusing to submit the fourteen special issues which were specially requested by appellant. Appellant also urged that the court erred in refusing its motion for judgment notwithstanding the verdict.

As originally filed, appellee's petition alleged that appellant had accepted the offer contained in appellee's letter to Mr. Kelley, the engineer of the Highway Department, who, it was alleged, passed the letter on to appellant, and appellee alleged that, under the terms of said contract, the machine was used to process 64,000 square yards of soil-cement, making the rental price therefor .04 multiplied by 64,000, or the sum of $2,560. That by the terms of said con-

tract, appellant was also bound to pay the return freight on the machine, but failed to do so, and the amount thereof was $286.28, which appellee was also entitled to recover, or a total of $2,560, plus $286.28, or $2,846.28. Appellee further alleged in his original petition that he caused to be impounded such sum in the hands of the Highway Department by a letter notifying the Highway Department that such sum was due him from appellant under a construction contract with the Department, and alleged that appellant secured the release of the funds due from the Highway Department by filing a release bond in said sum. And appellee sued to enforce said release bond.

By an amended pleading, filed more than two years after appellee's claim against appellant arose, appellee, in the alternative, sought to recover from appellant the reasonable rental value of the machine, alleging same to be $1,400 per month. Thus suing appellant in quantum meruit on implied contract. Then, upon the trial, when the evidence showed that the amount of soil-cement processed was very much less than the 64,000 square yards, alleged by appellee in his original petition; and after it was made to appear from appellee's evidence that he, appellee, had been told by appellant's superintendent, in a long distance telephone conversation, that the machine would be used for the processing of 100,000 square yards, appellee, by trial amendment, additionally sought, in the alternative, to recover for the use of the machine at the rate of .04 multiplied by 100,000 plus the aforesaid amount of return freight. But in that connection, appellee pled that he had abandoned so much of his claim for rent as exceeded the amount which he notified the Highway Department was due him from appellant.

## Opinion.

Thus it appears that the principal question raised on this appeal is whether appellee's claim, other than upon the written contract pled in his original petition, was barred. Appellee's original petition was filed within less than a year from the time his claim against appellant arose. The other amendments to appellee's pleadings were filed after more than two years had passed after the claims, urged in said amended pleadings, had arisen. Said claims would be barred by the two-year statute of limitations, unless Article 5539b operates to prevent such bar. Article 5539b provides in part "Whenever any pleading is filed by any party to a suit embracing any cause of action * * * and at the time of filing such pleading such cause of action * * * is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability * * * shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged * * * the court may postpone or continue the case as justice may require."

In Texas Employers Ins. Ass'n v. Humble Oil & Refining Co., Tex.Civ.App., 103 S.W.2d 818, 823, (writ refused) it was said "But even before the act of 1931, Vernon's Ann.Civ.St. art. 5539b, that has practically abolished claims that an amendment has set up a new cause of action which is barred by the statute of limitations, the courts were very liberal where the amended cause was not totally different." (Citing a lengthy quotation from Pope v. Kansas City, M. & O. R. Co., 109 Tex. 311, 207 S.W. 514, 517.)

Absent the question of limitations, a plaintiff has always had the right, until after verdict, to elect which of the various causes of action which grow out of the same transaction or occurrence he will rely on. Now, by force of Article 5539b, limitations no longer presents a bar to a plaintiff amending his petition, and thereby elect to base his suit on a different cause of action, so long as the cause of action grows out of the same transaction or occurrence, and involves the same subject-matter. This follows from the words "no

subsequent amendment * * * changing any of the facts or grounds of liability * * * shall be subject to a plea of limitation, provided such amendment * * * is not wholly based upon and grows out of a new, distinct or different transaction and occurrence." This new liberality which has been extended to permit amendments by one party is accompanied by the right given to the adverse party for a postponement.

■ Under our system of pleading, a careful and technical pleader may still set up, in different counts and in the alternative, as many different causes of action as grow out of the same transaction or occurrence. But he does not have to use an appropriate form of action, except in trespass to try title. A cause of action has been defined as the "legal liability arising out of the facts on which the plaintiff relies." White v. Nemours Trading Corporation, D.C.Mass., 290 F. 250, 252. Here, since appellee had tolled the statute of limitations by filing suit upon a written contract for the rent of the machine, under Article 5539b, he could set up thereafter, by amendment, as many different versions of the facts (i. e. counts) as grew out of the same transaction. Manifestly, decisions by the Supreme Court which applied the law before it was thus changed, cannot now be urged, because they merely declare the law as it was before the change was wrought, and no purpose would be served in reviewing them.

■ By his trial amendment, appellee in the alternative set up another version of the facts as to the transaction. He there alleged in the alternative that it was agreed by him and appellant's superintendent that the machine would be used to process 100,-000 square yards of soil-cement. Appellant did not request a postponement. But the fact that appellant's superintendent had died, and appellant for that reason thought a postponement would be of no value to prepare its defense against the new version of facts set up in the trial amendment, does not effect the removal of the bar of the statute of limitations wrought by art. 5539b. Since appellant requested no postponement, the question of whether the court abused his discretion in permitting the trial amendment to fit the evidence does not arise under art. 5539b. By Rules 66 and 67, T.R. C.P., appellee was authorized to request, and the court to grant, leave to amend to fit the proof. No abuse of discretion is shown.

■ The evidence affirmatively showed that there were but eleven machines, like the one here involved, in the United States, and that appellee owned two of these. We are unable to say that, under such circumstances, appellee was not qualified to give opinion evidence as to the reasonable monthly rental value of such a machine anywhere in the United States, including Jasper County. However, since the judgment was not rendered upon the cause of action for quantum meruit, the matter could not constitute reversible error.

■ Special Issue No. 1, the substance of which as answered by the jury is set out above, was evidently submitted as being an issue made by appellee's trial amendment, and by appellee's proof thereunder. The letter which appellee wrote to the Highway Department's engineer, Mr. Kelley, specified that appellee should receive 4¢ per square yard for the machine's use in processing soil-cement. The evidence was subject to the construction that before appellee agreed to rent the machine to appellant he exacted an oral agreement that the machine would be used to process 100,000 square yards of soil-cement. According to this evidence, before the offer in the letter (which was not specifically addressed to appellant) was accepted, the offer was orally modified to the extent that it would be rented to appellant if appellant agreed to use it to process 100,000 square yards. If appellant desired a contract wholly in writing, it could have refused to make one partly in writing and partly oral. Until accepted, appellee's offer could be changed.

In other words, we know of no reason why the parties could not have orally agreed, as a part of the contract of rental, that the appellant would use the machine to the extent that the rental price should amount to $4,000. The parol evidence rule

was not thereby offended. Also, we hold that there is no self-destroying conflict between Special Issues Nos. 2, 3, and 1, as answered by the jury.

Appellant has not pointed out, so as to make clear, why the court erred in refusing its fourteen specially requested special instructions, and we overrule appellant's point with respect thereto. Nor did the court err in refusing the motion for judgment notwithstanding the verdict.

The judgment is affirmed.