**OLIVEROS et al. v. DILLON–BECK MFG. CO.**

No. 12588.

Court of Civil Appeals of Texas. Galveston.

July 9, 1953.

708

Boyles & Billingsley, James Anderson, Jr., of Houston, for appellants.

Andrews, Kurth, Campbell & Bradley, James R. Connor, of Houston, for appellee.

CODY, Justice.

The question presented by this appeal is whether appellee's claim against appellants was barred by the statute of limitations when appellee filed its original petition, and whether said claim as presented in its amended original petitions thereafter filed was of such character that it was saved by Art. 5539b, Vernon's Ann. Civ.St. from being barred by limitations.

On January 28, 1952, appellee filed its original petition, alleging in substance that during the year 1948 appellee "at the special instance and request of defendants (appellants) sold and delivered to defendants," certain specified merchandise, "and that the purchase price which defendants agreed to pay within thirty days from each delivery for such items was the sum of Seven Thousand Five Hundred Sixteen and 50/100 Dollars ($7,516.50), * * *." Appellee in said petition also asked for attorneys' fees in the sum of $1,000. On February 23, 1952, appellants filed their original answer and, among other pleas, pled that appellee's claim was barred by Art. 5526, V.A.T.S., the two-year statute of limitation. Appellants also excepted to appellee's original petition because it did not allege when, during 1948, appellee sold and delivered the merchandise in question and further that said petition failed to itemize the merchandise, the cost of the same, and also failed to set forth the terms of the agreement between the parties, etc., etc.

On April 2, 1952, appellee filed its first amended original petition which in all material respects except one, was identical with its aforesaid original petition, the difference referred to being that, in its first amended original petition, the amount sued upon was duly itemized and verified as being true and correct and was attached to appellee's said petition as an exhibit. Presumably appellee's first amended original petition was filed to comply with the special exceptions levelled by appellants to its original petition.—On June 9, 1952, appellants filed their counter-affidavit wherein they

affirmed that, included in the merchandise, for which appellee was attempting to recover, was certain merchandise referred to and described in a particular bill set forth in the exhibit attached to appellant's first amended original petition, and which was of the alleged total value of $4,139.07, and that said merchandise of the value of $4,-139.07 had never been delivered by appellee nor received by appellants.

On December 26, 1952, appellee filed its second amended original petition. Therein appellee alleged in substance that the merchandise for which it was seeking to recover was purchased by appellants from appellee under *a written contract*; appellee further alleged that the purchase price, which appellants "agreed to pay within Thirty (30) days from each delivery for such items, was the sum of Three Thousand Three Hundred Seventy-seven and 43/100 Dollars ($3,377.43), such sum of money being the reasonable value of said items." In this connection it should be noted that appellee dropped and excluded from its claim merchandise of the value of $4,139.-07 which appellants had alleged they had never received. And it is further to be noted that in its second amended original petition appellee reduced its demand for attorneys' fees to $750. There was likewise attached to said second amended original petition a duly verified account itemizing the merchandise in question.—On January 9, 1953, appellants filed their first amended original answer. For present purposes it is sufficient to say that appellants in their said answer pled in bar of appellee's claim Art. 5527, V.A.T.S., the four-year statute of limitation. And in that connection appellants expressly pled that *appellee by its second amended original petition had for the first time brought suit on the written contract and* "that more than four years have elapsed since thirty (30) days from the last delivery made to defendants, said date being on or about the 13th day of July, 1948. Therefore, plaintiff's cause of action, if any, is barred by the above quoted statute."

The court, trying the case without a jury, overruled appellants' plea of limitation, and rendered judgment for appellee for the sum of $3,377.43 (which was the principal sum which appellee alleged in its second amended original petition that appellants had agreed to pay for the merchandise in question) ; together with legal interest thereon from August 1, 1948, to February 7, 1953, and further awarded $350 attorneys' fees, and court costs.

In response to appellants' request, the court filed conclusions of fact and law. For present purposes it is enough to state that the court found that the filing by appellee of its original petition was sufficient to toll the statute of limitations even though it was not specified in said original petition whether the contract sued on was oral or written. The court concluded as a matter of law that by force of Art. 5539b, V.A.T.S., appellee's action was saved from the bar of the four-year statute of limitations because appellee's "second amended original petition is not based upon nor grows out of a new, distinct or different transaction and occurrence from that made the basis of plaintiff's original petition. Plaintiff's original petition was at most subject to a special exception in that it failed to allege a writing, and is itself sufficient upon which to base the judgment rendered in this cause. Other than the fact that plaintiff's second amended original petition alleges a writing, whereas plaintiff's original petition failed to allege with particularity that defendants' order (contract) was made by writing, there is no material difference between said pleadings relating to the basic cause of action."

The appellants predicate their appeal upon three points, being (1) "Appeal is predicated upon the point that the court erred in overruling appellants' contention that appellee's cause of action as alleged in its Second Original Amended Petition was barred by the four year statute of limitations." (2) "Appeal is further predicated upon the point that the court erred in its conclusion of law that appellee's cause of action as alleged in its original petition and first amended original petition were not subject to a plea of limitation at the time they were filed." (3) "Appeal is further predicated upon the point that the court erred in its conclusion of law that appel-

lee's second amended original petition was not based upon or grew out of a new, distinct or different transaction and occurrence from that made the basis of appellee's original petition."

We overrule appellants' points.

Art. 5539b, V.A.T.S., reads, so far as is here material: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. * * *"

The manifest purpose of Art. 5539b was to liberalize the right of a plaintiff to amend a petition, which had been filed before the cause of action asserted in said petition had become barred, so as to assert any other cause of action, if any, which can be based upon the same transaction or occurrence which was made the basis of the cause of action which had been filed before it had become barred.

It was held in Colbert v. Dallas Joint Stock Land Bank, Com.App., 136 Tex. 268, 150 S.W.2d 771–775, that by force of said Article an amended petition setting up a claim which "is not based upon, and does not grow out of a new, distinct or different transaction or occurrence" is not barred.

But appellants are in error in assuming that appellee declared upon an oral contract in its original petition or in its first amended original petition. Here the appellee, in its original petition sought to recover for merchandise which it had sold under contract to appellants, without specifying whether the contract sued upon was in writing or oral. Such a pleading, not specifically excepted to, was sufficient to authorize the admission in evidence of the written contract under which appellants purchased said goods. As noted above, the only difference between appellee's original petition and its second amended original petition was the fact that the original petition did not disclose whether the contract sued upon was oral or written, whereas the second amended original petition clearly specified that the contract sued upon was in writing. Since the second amended original petition set up the same claim as that asserted in appellee's original petition, but amended so as to be correct as to amount, and amended so as to specify that the same was based upon a written contract, said claim as set forth in the second amended original petition manifestly "is not based upon, and does not grow out of a new, distinct or different transaction or occurrence."

Appellants urge that the form of the claim as presented in the first amended original petition shows by its form that the claim asserted by appellee was a suit on an open account. If appellants mean by such statement that the form in which appellee brought its cause of action in its original and first amended original petitions in law constituted an action based upon an oral contract, we overrule their contention. In each of the three petitions filed by appellee, it was seeking to recover upon a contract of sale. The fact that appellee did not specify and was not required by appellants to specify whether the contract it sued upon was in writing until it filed its second amended original petition, cannot deprive appellee of the benefit of having brought its suit upon a claim which in fact was based upon a contract in writing, and which suit was filed before the expiration of four years. The filing of the original petition tolled the statute of limitations, and appellee by subsequent amended petition specified that the agreement sued upon was in writing.

The court's judgment should be affirmed, and it is so ordered.

Affirmed.

MONTEITH, C. J., not sitting.