**GLOBAL CORPORATION, Appellant,**

**v.**

**J. H. VINCENT, Appellee.**

No. 6591.

Court of Civil Appeals of Texas.

Amarillo.

April 16, 1956.

Rehearing Denied May 14, 1956.

Klett, Evans, Trout & Jones, Lubbock, Simon & Simon, Fort Worth, Potter & Gowdy, Littlefield, for appellant.

James W. Witherspoon, Hereford, Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, H. A. Berry, Amarillo, of counsel, for appellee.

MARTIN, Justice.

On December 11, 1947, appellant, Global Corporation, filed suit against appellee, J. H. Vincent, seeking recovery of damages in the amount of $60,925.32 for breach of an alleged contract in writing whereby appellant agreed to purchase from appellee five million pounds of milo. Appellant's

pleadings in the trial court allege that appellee failed to deliver three million, eight hundred and seventy-two thousand, four hundred and twenty pounds of grain as purchased under the contract in writing.

The cause of action, briefly stated above, went to trial on the 22nd day of August, 1955. Evidence as presented on the trial of the cause did not support appellant's pleadings of a contract in writing and appellant filed a trial amendment in which it deleted from its original petition the words "in writing" and based its right of recovery solely upon such trial amendment pleading appellee's breach of a parol contract for the sale of the grain in issue. Appellee filed a supplemental answer to appellant's trial amendment and pleaded the two year statute of limitations in bar of the cause of action. At the close of the testimony and upon appellee's motion, the trial court withdrew the case from the jury and rendered judgment that plaintiff, Global Corporation, take nothing of, from and against the defendant, J. H. Vincent.

Appellant appealed from the judgment of the trial court and the briefs of both appellant and appellee are largely predicated upon the issue of whether or not appellant's cause of action was barred by the two year statute of limitation. Vernon's Ann.Civ.St. art. 5526. The basis of the trial court's action in withdrawing the case from the jury and entering judgment for the appellee is not stated. But, it is apparent from the briefs and from the record that the trial court withdrew the case from the jury and instructed a verdict on the legal principle that since a period of approximately eight years had elapsed after the accrual of the cause of action on the alleged parol contract and prior to the filing of appellant's trial amendment setting up such parol contract, appellant's cause of action was barred by the two year statute of limitation. This legal conclusion of the trial court, the basis of the judgment rendered for appellee, is sustained as to legal principle by the rule enunciated by the Eastland Court of Civil Appeals in Texas Pacific Coal & Oil Co. v. Stuard, 7 S.W.2d 878, Syls. 3, 12, 13, 14 and 15.

The Supreme Court of Texas refused an application for writ of error as to the above-cited case. Therefore, the opinion of this Court as predicated upon the ruling in such case should require no further citation of authority. But, comporting with the legal principles and ruling as made in the above-cited case is the rule discussed in Hopper v. Hargrove, Tex.Civ.App., 154 S. W.2d 978, at page 981, writ refused, wherein the court detailed four tests by which the identity of causes of action may be determined. A review of the authorities reveals that such four tests have been generally applied by the courts of Texas. One of the four tests as to determining whether two causes of action as pleaded are identical is as follows:

"'(4) Are the allegations of each subject to the same defenses?'"

Viewed in the light of the above test, it is readily apparent that appellant's cause of action upon a contract in writing as pleaded in 1947 was not subject to the two year statute of limitation. The parol contract as pleaded in appellant's trial amendment in 1955 is subject to the two year statute of limitation. The contract in writing as pleaded in appellant's original petition was subject to the defense of non est factum while the parol contract as pleaded in appellant's amended petition is not subject to such defense. It is thus apparent that the allegations as to a contract in writing are not subject to the same defense as are the allegations as to a parol contract.

The controlling issue in the cause before this Court is governed by the ruling in Texas Pacific Coal & Oil Co. v. Stuard, supra, and other issues presented in the cause need not be discussed herein. It is readily apparent under the tests as established by the courts of Texas that there is no identity of causes of action as to appellant's suit upon a contract in writing and its suit upon a parol contract as set forth in its trial amendment.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.