GLOBAL CORPORATION v. J. H. VINCENT

No. A-5910. Decided November 7, 1956.
Rehearing overruled December 12, 1956.
(295 S.W. 2d Series 640)

*Simon & Simon,* of Fort Worth, *Potter & Gowdy,* of Little-field, and *Klett, Evans, Trout & Jones,* of Lubbock, for petitioner.

The Court of Civil Appeals erred in holding that limitation barred plaintiff's cause of action, and that the contract was one in parol thus subjecting it to a plea of limitation. The contract was as originally agreed one in writing and not changed by a trial amendment. East Texas Const. Co. v. Reno, 231 S.W. 2d 799; writ of error refused; Vicent v. Continental Grain Co., 202 Fed. 2d 6; Turner v. Riverside Cotton Oil Co., 113 Texas 143, 252 S.E. 1060.

*J. E. Witherspoon,* of Hereford, *Underwood, Wilson, Heare & Boyce,* and *H. A. Berry,* all of Amarillo, for respondent.

On the question of limitation cited Hopper v. Hargrove, 154 S.W. 2d 978; Brickley v. Finley, 143 S.W. 2d 433; Texas Pac. Coal and Oil Co. v. Smith, 130 S.W. 2d 425.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a suit filed by Global Corporation petitioner in our Court, against J. H. Vincent, respondent. The suit originally was filed in the District Court of Lubbock County, Texas, in December, 1947. Plaintiff alleged that defendant had defaulted in its obligation under a written contract with plaintiff to deliver to it 5,000,000 pounds of milo at the price of $1.85 per cwt. Damages were sought in the amount of approximately $60,000.00. A plea of privilege was filed by defendant asking

that the suit be transferred to Lamb County, Texas, where defendant resided. Upon an appeal to the Court of Civil Appeals that Court held the contract sued upon for the sale of the milo was an oral contract and not a written contract insofar as the venue statutes were concerned. The cause was ordered transferred to Lamb County for trial. The case came in for trial on August 22, 1955, and the trial court ruled to the effect that the evidence tendered by plaintiff did not show a written contract, but showed only an oral contract, if it showed any contract. Whereupon, plaintiff filed a trial amendment alleging that the contract described in the first paragraph of the original petition originated in a parol offer by the defendant to sell the milo to the plaintiff and that plaintiff accepted said offer "both by parol, by telegram, and by written confirmation, * * *." This was construed by both courts below to be an obligation of an oral contract. To this trial amendment defendant pleaded the two and the four year statutes of limitation. After a trial before a jury and at the end of all the testimony offered by both parties, the trial court withdrew the case from the jury and instructed a verdict for the defendant. Both parties had filed motions for an instructed verdict, each contending, as a matter of law, he was entitled to a judgement. The trial court stated no reason for giving an instructed verdict but sustained the defendant's motion. One of the grounds for the defendant's motion was that the plaintiff's cause of action was barred by the two and the four year statutes of limitation. Upon appeal by plaintiff, the Court of Civil Appeals held that plaintiff's trial amendment set up a new cause of action, and was barred by the statutes of limitation. It overruled all of plaintiff-appellant's remaining points of error without discussion. 290 S.W. 2d 270.

■ We hold that the Court of Civil Appeals was in error in sustaining the plea of limitations. The trial amendment did not make any new allegations as to the facts and circumstances surrounding the making and entering into the alleged contract. The allegations as to terms, dates, amount of milo, prices, dates of delivery, confirmation, ratification and parties were relied upon after the amendment just as prior to the amendment. A new, distinct and different occurrence or transaction was not set up as a ground of recovery. The most that can be said is that the original petition relied upon a written contract, while the trial amendment set up an oral contract. Article 5539b, Vernon's Civil Statutes, in part provides as follows: "Whenever any pleading is filed by any party to a suit embracing any cause of action, * * * and at the time of filing such pleading

such cause of action, * * * is not subject to a plea of limitation, no subsequent amendment or supplement changing *any of the facts or grounds of liability* * * * shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a *new, distinct, or different transaction and occurrence.* * * *" (Emphasis added). The statute appears to us to be sufficiently clear to show that the plaintiff's cause of action was not barred by limitation.

The case of United States Pipe & Foundry Co. v. City of Waco, 100 S.W. 2d 1009, Texas Civ. App., aff. 130 Texas 126, 108 S.W. 2d 432, was a suit brought by the City against the Pipe Company and others for recovery of damages for fraud and misrepresentation in the contract whereby the City accepted the pipe on its contract with W. E. Callaghan Construction Company who laid the pipe. Later the City amended alleging a conspiracy on the part of the Pipe Company and the other defendant and sought damages therefor. After the cause had been removed to Federal Court and by it remanded to the state court all parties filed amended pleadings. For the first time the City sought a recovery against the Pipe Company alone. The Pipe Company plead the statutes of limitation in bar. That plea was overruled. The court said: "* * * The action to recover on the separate cause of action against the Pipe Company arose out of the same transaction and was based on substantially the same state of facts as was the suit to recover jointly against all of the defendants for the alleged conspiracy. There was therefore no change in the identity of the transaction, and, in our opinion, the petition to recover on the joint cause of action was sufficient to toll the statute on the action to recover on the separate cause of action against the Pipe Company * * *." The Supreme Court approved this holding in its opinion in 130 Texas 126, 108 S.W. 2d 432.

"* * * Unless the cause of action alleged in an amended pleading involves a different transaction from that in the original pleading, the latter having declared upon a cause of action not then barred, it is immaterial that the cause of action alleged in the amended pleading be different from the cause of action originally alleged. The test which Vernon's Ann. Civ. St., Art. 5539b makes proper is whether or not the cause of action alleged in the amended pleading be 'wholly based upon and grows out of a new, distinct or different transaction and occurrence.' Farmers & Merchants Nat. Bank v. Arrington, Texas Civ. App., 98 S.W. 2d 378, 379; Universal Life & Accident Ins. Co. v. Johnson, Texas Civ. App., 120 S.W. 2d 314." Texas

Pacific Coal & Oil Co. v. Smith, 130 S.W. 2d 425 (1-3), (Texas Civ. App. 1939, wr. dism. judgm. cor.) ; see also East Texas Const. Co. v. Reno, 231 S.W. 2d 799 (Texas Civ. App. 1931, wr. ref., n.r.e.) ; Texas Employers Ins. Ass'n. v. Humble Oil & Refining Co., 103 S.W. 2d 818, (Texas Civ. App. 1937, ref.) ; Major v. Meinrath Brokerage Co., 116 S.W. 2d 861 (Texas Civ. App. 1931, no writ history) ; Cameron County Water Improvement Dist. No. 8 v. Western Metal Mfg. Co., 125 S.W. 2d 650 (Texas Civ. App. 1939, wr. dism. judgm. cor.) ; Hodges v. Price, 163 S.W. 2d 868, (4, 5) (Texas Civ. App. 1942, ref. w.o.m.) ; Gray v. Laketon Wheat Growers, Inc., 240 S.W. 2d 353 (Texas Civ. App. 1951, no writ history) ; Oliversos v. Dillon-Beck Mfg. Co., 260 S.W. 2d 707 (Texas Civ. App. 1953, no writ history) ; Theriot v. Smith, 263 S.W. 2d 181 (Texas Civ. App. 1953, no writ history).

■ The cause of action not being barred, we shall now consider the other assignments of error. Each party contends in this Court that he was entitled to an instructed verdict in the trial court regardless of our holding on the question of limitation. We have studied the statement of facts and the pleadings and are of the opinion that neither party was entitled to an instructed verdict. We find issues of facts as to the plaintiff's cause of action and also as to some of the defenses urged by the defendant which should have been submitted to the jury. It was therefore error for the trial court to withdraw the case from the jury and to render an instructed verdict. In view of another trial, we will not discuss the evidence.

The judgments of both courts below are reversed and the cause is remanded to the trial court for further proceedings.

Opinion delivered November 7, 1956.

Rehearing overruled December 12, 1956.