**Harry M. STANFIELD, Appellant,**

v.

**Jim O'BOYLE, Appellee.**

**No. 16982.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 3, 1967.

Rehearing Denied Dec. 1, 1967.

Paul H. Stanford, of Cervin & Stanford, Dallas, for appellant.

Charles Tobin, Elihu Berwald, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Appeal from summary judgment. The facts are undisputed and the question presented is one of law.

On August 16, 1957 Jim O'Boyle pledged to Harry M. Stanfield certain shares of stock in consideration of a loan in the sum of $50,000. On January 25, 1958, Stanfield released the stock to O'Boyle in consideration of the execution by O'Boyle of an agreement to substitute certain real estate

for the shares of stock. Stanfield thereafter, on January 23, 1962, brought suit against O'Boyle alleging breach of the agreement and praying that O'Boyle execute a deed to the real estate in question or, in the alternative, for judgment in the amount of $52,050. Thereafter O'Boyle was adjudged to be a bankrupt and was discharged on September 1, 1964 by the bankruptcy court. In his schedule of obligations in the bankruptcy court O'Boyle listed the obligation owed to Stanfield. On November 16, 1966, Stanfield filed his first amended original petition in which he alleged that O'Boyle, in order to induce Stanfield to release the shares of stock, made false and fraudulent representations. Stanfield also countered O'Boyle's discharge in bankruptcy contention by contending that since the property in question had been obtained by O'Boyle due to false pretenses or false representations the indebtedness was not discharged under the Bankruptcy Law of the United States. O'Boyle answered this amended petition by pleading the statute of limitations and further pleading that the indebtedness had been discharged in bankruptcy.

O'Boyle filed his motion for summary judgment, supported by his affidavit relating to his discharge in bankruptcy and attached thereto an order of the referee in bankruptcy granting discharge on September 1, 1964. Stanfield filed his affidavit in opposition to the motion in which he alleged that he did not become aware of the fraud practiced upon him by O'Boyle until shortly before the suit was instituted. The court sustained O'Boyle's motion for summary judgment and in doing so expressly found that there was an absence of

any genuine issue of fact and that "said cause is barred by the statute of limitations." Judgment was accordingly entered that Stanfield recover nothing against O'Boyle.

Appellant, in two points of error, assails the judgment as being erroneous for the reason that, as a matter of law, his cause of action was not barred by the statute of limitations and that since the matter involved fraud the discharge in bankruptcy was ineffective as to the obligation involved.

■ As to the question of limitation of action both parties concede that the original action was governed by the terms of Art. 5527(1), Vernon's Ann.Civ.St. of Texas, providing that actions founded upon any contract in writing must be brought within four years after the cause of action shall have accrued. The suit was instituted a few days prior to the expiration of the four-year period. The amendment to the petition, wherein for the first time fraud was alleged, was made on November 16, 1966, some four years and nine months after the accrual of the cause of action. Appellee does not challenge appellant's statement of the law that the statute of limitations which governs actions based on fraud commences to run from the time of the discovery of the fraud. Anderson v. Wise, 345 S.W.2d 803 (Tex.Civ.App., Eastland 1961), affirmed Wise v. Anderson, 163 Tex. 608, 359 S.W.2d 876 (1962).

Appellant contends that pursuant to the terms of Art. 5539b, V.A.C.S.,* his amendment to the original petition was not wholly based upon or grew out of a new, distinct or different transaction or occurrence, and therefore was not barred by the terms of the four year statute of limitations. Appel-

* "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a

plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

lee disputes this position by contending that since the amendment presented a tort action rather than one on contract the same amounted to a new suit and was therefore subject to the limitations statute. In support of his contention appellee relies almost exclusively upon the rule announced in Hopper v. Hargrove, 154 S.W.2d 978 (Tex. Civ.App., Texarkana 1941, writ ref'd). This case, though decided in 1941, followed the decision of the Supreme Court in Phoenix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S.W. 707 (1901), which was decided prior to the enactment of Art. 5539b, V.A.C.S. In the Hopper case the court held that the amended petition had the effect of changing the cause of action and that therefore Art. 5539b, V.A.C.S., did not operate to avoid the bar of limitation. Appellee makes the same contention here, namely, that since the original action was based upon a breach of contract the filing of the amended petition, founded in tort, is insufficient to bring the case within the rule of the statute involved.

■ Our Supreme Court in a number of cases has decided that the "cause of action" concept as illustrated by the Phoenix Lumber Company and the Hopper cases mentioned above is not the true test to apply to Art. 5539b, V.A.C.S. The true test, says the Supreme Court, is whether the cause of action set forth in the amendment is based upon or grows out of a "new, distinct or different transaction and occurrence." Global Corporation v. Vincent, 156 Tex. 398, 295 S.W.2d 640 (1956); Hallaway v. Thompson, 148 Tex. 471, 226 S.W. 2d 816 (1950); First State Bank & Trust Co. of Rio Grande City v. Ramirez, 133 Tex. 178, 126 S.W.2d 16 (1939).

In the very recent case of Leonard v. Texaco, Inc., 422 S.W.2d 160, opinion delivered June 14, 1967, motion for rehearing overruled with written opinion, October 4, 1967, our Supreme Court, speaking through Mr. Justice Norvell, reannounced the rule, as follows:

"The test under Article 5539b as amended in 1931 is no longer based upon a difference in causes of action declared upon in the original and amended petitions and the expressions contained in Hopper v. Hargrove, supra, indicating the contrary must be disapproved. The test is whether the cause of action alleged in the amended petition is 'wholly based upon and grows out of a new, distinct or different transaction and occurrence.'"

The court pointed out that while it is true that the original cause of action was founded in contract and the amended cause of action was based upon tort both actions grew out of the same occurrence or transaction and that the difference in the actions would have little practical effect so far as trial preparation is concerned.

■ The present case is ruled by the decisions of our Supreme Court, cited above. Both the original cause of action as well as that set forth by the amendment obviously grew out of the same transaction or occurrence and therefore fall within the purview of Art. 5539b, V.A.C.S.

■ The trial court was in error in holding that the four year statute of limitations was applicable to the amended cause of action. Since the amended cause of action is valid and presents questions concerning the obtaining of the property by fraudulent transactions the discharge in bankruptcy may very well not be applicable to relieve appellee of liability. Title 11, § 35, Subparagraph (a) of the United States Code, dealing with bankruptcy, provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations * * *."

Since the trial court was in error in granting the motion for summary judgment, the judgment based thereon must be reversed and remanded.

Reversed and remanded.