Grady O. STAGGERS, Appellant,

v.

Sam F. VAUGHAN III, Appellee.

No. 8299.

Court of Civil Appeals of Texas, Texarkana.

Aug. 19, 1975.

Rehearing Denied Sept. 16, 1975.

Paul W. Anderson, Marshall, L. F. Burke, Longview, for appellant.

Robert M. Parker, Nichols & Parker, Longview, for appellee.

CHADICK, Chief Justice.

Sam F. Vaughan III, as plaintiff, sued defendant, Grady O. Staggers to establish a partner relationship between them for an accounting and to recover damages occasioned by Staggers' alleged breach of the relationship and conversion of partnership assets. The judgment of the trial court awarding Vaughan damages is reversed and the case is remanded for a new trial.

I

Appellant Staggers' points of error raise three issues for discussion. They are:

1. Whether prosecution of the action is debarred by a statute of limitations;

2. Whether prosecution of the suit should have been abated or suspended pending an accounting between the partners and winding up of partnership affairs; and

3. Whether there is evidence that would support the judgment of the trial court on the basis that a trial of issues outside the written pleadings occurred and the trial judge impliedly found Staggers' fraudulent conduct in the formation of the partnership entitled Vaughan to recover damages.

## II

In his original petition, filed June 20, 1969, Vaughan alleged that he and Staggers "entered into a business relationship in February 1967" and followed the allegation with a statement of his claims against Staggers. In an amended pleading,* filed September 30, 1974, Vaughan alleged he and Staggers entered into a business relationship that "constituted a partnership" and followed with substantially the same allegations set out in his original petition.

Appellant Staggers asserts the original petition is vague and at best stated a "maverick action" for conversion and debt, and so construing it argues that the pleading shows Vaughan's claim is debarred by the two year statute of limitation (Tex.Rev.Civ. Stat.Ann. art. 5526). Simultaneously, Vaughan also argues that the amended petition alleged a partnership for the first time and constituted a new, separate and distinct cause of action. At trial time, Vaughan offered proof that he first heard of Staggers' sale and disposition of a substantial portion of partnership cattle in November of 1968 and considered the partnership breached as of the time Staggers made the sale, April 1968, and dissolved as of the same date. Construing the amended pleading as stating a new cause of action and accepting Vaughan's date of partnership dissolution, Staggers contends that the four year statute of limitation (Tex.Rev.Civ.Stat. Ann. art. 5527) debars prosecution of the newly plead action.

■ Vaughan's claim in both the original and amended pleading is grounded in the same aggregation of facts and events. The material difference between the original and the amended is that in the first the relationship of the parties is characterized as one of business and in the second as a partnership. A claim embodied in an amendment changing facts or grounds of liability is not debarred by a plea of limitations when not wholly based upon and growing out of new transactions and occurrences distinct or different from those theretofore timely plead. Tex.Rev.Civ.Stat. Ann. art. 5539b. The cited statute relates Vaughan's amended pleading back to the date the original petition was filed. *Leonard v. Texaco, Inc.,* 422 S.W.2d 160 (Tex. 1967); *Global Corporation v. Vincent,* 156 Tex. 398, 295 S.W.2d 640 (1956); *Stanfield v. O'Boyle,* 421 S.W.2d 745 (Tex.Civ.App. Dallas 1967, writ ref'd n. r. e.); 2 McDonald, Tex.Civ.Practice, Sec. 8.12.2 (1970); 37 Tex. Jur.2d, Limitation of Actions, Sec. 123; 171 A.L.R. 1087. Neither the two nor four year statute of limitation applies as the action was instituted within two years after Vaughan learned of the breach. Though it is deemed immaterial, the original petition, if construed as an action for conversion or debt does not show on its face, or by proof, that the claim for conversion was actionable more than two years before suit was filed or that indebtedness alleged was due and payable more than two years prior to suit.

■ The details of Vaughan's amended pleadings, together with a prayer for equitable relief, are construable as an action for an accounting, as well as for other purposes. See *Santleben v. Froboese,* 17 Tex. Civ.App. 626, 43 S.W. 571 (1897, writ ref'd). Preliminary to trial, Staggers, by written motion, moved to dismiss Vaughan's action because it was instituted before an accounting between the partners had been made. Thereafter in the course of the trial, when plaintiff Vaughan rested, Staggers moved by written motion for leave to file a trial amendment pleading that in the event it was determined a partnership existed, a "full, complete, accurate and detailed accounting" of partnership affairs be made. Both motions were denied. Such action was erroneous.

■ The law is well settled that one partner may not sue another partner on a

---

* The amended pleading supplanted the original petition, Tex.R.Civ.P. 65. It became Vaughan's trial pleading.

claim arising out of partnership business until an accounting and settlement of partnership affairs is made. *Chipley v. Smith,* 292 S.W. 209 (Tex.Comm'n App.1927, jdgmt. adopted); 44 Tex.Jur.2d, Partnership, Sec. 156; 68 C.J.S. Partnership § 108; 60 Am.Jur.2d, Partnership, Sec. 365. The pleadings in this case do not bring it within any of the recognized exceptions to the general rule. However, the right of a partner to maintain an action at law to vindicate legal rights growing out of agreements and transactions looking to the formation of a partnership is treated as outside the rule. In 21 A.L.R., Partners—Action At Law, page 22 it is said:

" . . . claims arising out of agreements looking to the formation of a partnership are the subject of actions at law, but . . . such an action, in the absence of an accounting or express promise, cannot be maintained with respect to partnership transactions."

See Tex.Rev.Civ.Stat.Ann. art. 6132b, Sec. 39; 44 Tex.Jur.2d, Partnership, Sec. 160; 68 C.J.S. Partnership, § 13b; 60 Am. Jur.2d, Partnership, Sec. 353.

■ The trial judge regarded the action prosecuted as one of law based on fraud arising out of agreements looking to the formation of the partnership. The trial judge's view appears from his remarks, preserved in the record, and may be inferred from the wording of the damage issue submitted to the jury. The damage issue required the jury to find a sum that would compensate Vaughan for money paid by him for the purchase of an interest in the partnership and for capital and advances to it. No special issue or issues submitted, as a ground of recovery, fraud by Staggers in the formation of the partnership. The trial court did not make or file written findings as authorized by Rule 279. The record does not contain evidence of fraudulent conduct by Staggers at or prior to formation of the partnership contract. Findings by the trial judge in support of the judgment rendered cannot be implied in the absence of evidence tending to prove fraud in the formation of the partnership. *Warren Petroleum Corp. v. Martin,* 153 Tex. 465, 271 S.W.2d 410 (1954); *Southern Roofing and Sheet Metal Company v. Paramount Construction Company, Inc.,* 512 S.W.2d 781 (Tex.Civ. App.Houston 14th Dist.1974, writ ref'd n. r. e.).

Neither does the record furnish a basis for recovery by Vaughan on a cause of action tried and proved outside the written pleading as contemplated by Rule 67. The award of damages is not supported by the jury's answer to special issues and no basis for judgment on implied findings by the judge is supported by evidence. A valid judgment must conform to the pleadings, the nature of the case proved and the verdict, if any; and be so framed as to give full relief. Tex.R.Civ.P. 301. The judgment does not conform with the nature of the case proved and was improvidently entered.

### III

All points of error and counter points have been considered. The trial court judgment must be reversed and the case remanded for new trial. It is so ordered.