FIRST NATIONAL BANK IN DALLAS, Independent Executor, Appellant,

v.

R. Dean HAWN, Appellee.

No. 16492.

Court of Civil Appeals of Texas.

Dallas.

May 14, 1965.

Rehearing Denied July 2, 1965.

**378**

Matthews, Payne, Pace, Sands & Benners, Fred H. Benners, Dallas, for appellant.

Earl Luna and Ben Atwell, Dallas, for appellee.

BATEMAN, Justice.

This is a suit on a promissory note for $4,610.92. Two judgments were rendered, and the sole question presented here is whether the first was such a final judgment as would preclude the entry of the second. Appellee R. Dean Hawn filed suit on the note on March 20, 1962 against Jack Story and Murray Samuell. Both defendants were served and both answered by their attorney. Payments in the sum of $3,000 were made while the suit was pending. Appellee filed a motion for summary judgment against Story and Samuell for the unpaid balance of $1,610.92. On July 4, 1963, while the motion was pending, Samuell died. On August 28, 1963, without filing or making any suggestion of Samuell's death, appellee presented his motion and obtained summary judgment against Story alone for $1,610.92 with interest, attorney's fee and costs. The judgment also provided that execution issue. No mention of Samuell appears in this judgment. Appellee requested an abstract of this judgment and had execution issued thereon.

Thereafter, on December 10, 1963, no part of that judgment having been paid or collected, appellee filed in the same suit a suggestion of Samuell's death and obtained a writ of *scire facias* addressed to the appellant First National Bank in Dallas, Independent Executor of the Estate of Murray Samuell, Deceased, ordering it to appear and defend the suit for Samuell's estate. Appellant answered and pled that the judgment of August 28, 1963 was a final judgment and *res judicata* and moved the court to quash the writ of *scire facias*. The motion to quash was overruled and on June 12, 1964 the second summary judgment was rendered, similar to the first except that it was against Jack Story and the appellant, jointly and severally, and except that no attorney's fee was included.

By its first point of error appellant says that the trial court erred in issuing the order

for *scire facias*, in overruling the motion to quash and in entering the second judgment because the first was a final judgment, not only by its terms, but also according to the circumstances of the case and the intent of the parties. We agree with appellant.

When one of the defendants died during pendency of the suit appellee had the right, under Rules 152 and 155, Vernon's Texas Rules of Civil Procedure, to have suggestion of death entered on the record and then either have the representative of the deceased defendant brought in by *scire facias* or proceed against the surviving defendant. He chose the latter course, except that no suggestion of death was filed.

Appellee argues that the first judgment was interlocutory because it did not dispose of all the parties. It is true that no order was entered discontinuing the action as against Samuell, which perhaps would have been the better practice, but we do not think the absence of such an order, or of an order of severance prevented the judgment of August 28, 1963 from being a final judgment. Under the facts and circumstances shown by this record, Samuell was as effectively dropped as a defendant as if an order of dismissal had been entered. Ridley v. McCallum, 139 Tex. 540, 163 S.W. 2d 833, 836. As a matter of law, his death removed him as a party, for a suit cannot be maintained against a dead man. Neither was his estate a party in the absence of affirmative acts making it a party and notifying its representative. The estate could easily have been substituted for Samuell as a defendant, but appellee did not see fit to avail himself of this privilege. Blum v. Goldman, 66 Tex. 621, 1 S.W. 899; Baker v. Arnett, Tex.Civ.App., 106 S.W.2d 849, wr. dism. At the time of the first judgment, therefore, Story was the only defendant in the case.

Moreover, Rule 301, T.R.C.P., provides, *inter alia*, that "Only one final judgment shall be rendered in any cause except

where it is otherwise specially provided by law." Having elected to proceed under Rule 155 against the surviving defendant, approving a judgment against that defendant, final in form, and having execution issued under that judgment, and that judgment having become final at the expiration of thirty days after its date (Rule 329b), appellee had no right to re-enter the suit on December 10, 1963 and at that late date suggest Samuell's death and endeavor to reinstate the suit as to his legal representative. Cash v. Kosberg, Tex.Civ.App., 374 S.W.2d 773, wr. ref. n. r. e. The first point of error is sustained.

It is not necessary for us to pass on appellant's second point of error, which is submitted alternatively.

For the reasons stated, the judgment appealed from is reversed and judgment is here rendered that the writ of *scire facias* addressed to appellant be quashed.

Reversed.