**Hal BOGLE, Appellant,**

v.

**J. D. LEE et al., Appellees.**

No. 17188.

Court of Civil Appeals of Texas.

Dallas.

Jan. 3, 1969.

Charles W. Spencer, of Geary, Brice & Lewis, Dallas, for appellant.

Gene Lary, Dallas, Hollie G. McClain, Gilmer, for appellees.

DIXON, Chief Justice.

This is an appeal from a summary judgment. The suit involves the question of priority between two chattel mortgages.

Appellant Hal Bogle, a resident of Dexter, Chaves County, New Mexico, filed suit October 24, 1961, in Yoakum County, Texas. In amended pleadings the parties defendant included Leland Fikes, J. D. Lee, Tom Lesh, Jay Trucking Co., Inc. and Texas Continental Investment Company, Inc., the last hereinafter called Continental. Fikes was sole owner of Continental and numerous other corporations as well as individually operated businesses. Lee and Lesh were employees of Fikes and one or more of his corporations. Lesh was also owner of stock in Jay Trucking Company, Inc.

The defendants, except Lesh and Jay Trucking Company, filed pleas of privilege seeking to have the cause transferred to Dallas County for trial, which pleas were overruled by the trial court. However on appeal the order of the trial court was reversed and the cause transferred to Dallas County. Fikes v. Bogle, 376 S.W.2d 392 (Tex.Civ.App., Amarillo 1964, writ dism'd).

In his Fourth Amended Petition, filed since the case was transferred to Dallas County, appellant Bogle has considerably enlarged his factual allegations and his prayer for relief. He seeks to have his chattel mortgage lien on a drilling rig declared to be prior and superior to a chattel mortgage claimed by appellee Continental; and for foreclosure of his chattel mortgage lien and alternatively for judgment in the amount of $32,564.33 against all of appellees for conversion of the property.

In May 1968 the trial court sustained appellees' motion for summary judgment and rendered judgment that Bogle take nothing against appellees. Leland Fikes, though he had been served with citation and had filed an answer, was not a party to the motion for summary judgment.

## EVIDENCE

### A. Bogle's Mortgage.

On January 23, 1960 E. P. Campbell, an oil well driller and operator residing in Lubbock, Texas, executed a note in the amount of $75,000 payable one year later at Dexter, New Mexico to appellee Hal Bogle, a resident of Dexter, Lea County, New Mexico. The note was secured by a chattel mortgage on a drilling rig owned by Campbell. The two instruments were prepared by Campbell in Lubbock on a Texas printed form and mailed to Bogle in New Mexico.

The Bogle mortgage contains this recitation: "Said property now situated in ———— County, Texas." However in a deposition Bogle swears that said recitation was a mutual mistake, as both he and Campbell were well aware that the rig at the time of the signing of the mortgage was in Lea County, New Mexico, on the Whitten Lease, where it was being used to drill a well.

The mortgaged property is described in the instrument itself as "Rig No. 1 and Equipment, as described and set out on the attached Inventory * * *." The attached inventory includes about ninety different classes and detailed descriptions of equipment.

On March 16, 1960 Bogle filed his mortgage for record in Lea County, New Mexico. He did not file it for record in any county in Texas. There is evidence that

at this time the rig was on the Aztec Lease in Lea County, New Mexico.

### B. *Continental's Mortgage.*

On August 1, 1960 E. P. Campbell signed a note for $40,000 payable in five annual installments to Continental at the office of the payee in Dallas, Texas. This mortgage recites that the mortgagor "will not * * * permit the same to be removed from the county where he resides, without written consent of said mortgagee, * * *." The mortgage was filed for record in Lea County, New Mexico on October 5, 1960; in Yoakum County, Texas on March 14, 1961; and in Culberson County, Texas on May 12, 1961.

In the Continental mortgage the property was described as follows:

"1—GB–160–T Emsco Drlg. Rig #18 w/ Rotary Drive Assy.
    w/ E540 Le Roi Engine, mounted on Tandem Low-Boy Float.
1—Cat Walk for ditto-Mounted on Lufkin Float.
2—7′ 6″ × 16′ Steel Dog Houses, mounted on Hobbs trailer float.
1—8′ × 5′ × 4′ Sub-Structure.
1—7¼″ × 14″ Gardner Denver Slush Pump, w/ D337 Caterpillar Engine.
14—5¾″ Drill Collars
90′ Tubular Mast

B. J. Combination Block & Hook
Swivel
Rotary Hose
Tongs
Pipe Racks, 2 Set 36″ High.
6000′ 3½″ API Drill Pipe w/ Tool Joints.

TOGETHER WITH all other machinery, equipment, tanks, pumps, hose, tools, trailers, lines, tubing, liners, compressors, generators, jacks, derricks, pipe, tongs, sheds, slips, elevators, wire lines, copper tubing, valves, mud equipment, saws, floats, regulators, dies, shovels, dog houses, Kelly, drill collars, light plant, blow out preventer and other machinery, equipment, tools and appliances now owned or at any time hereafter acquired by Grantor, and appurtenant to or used in connection with or obtained as a replacement for said rig or any of its appurtenances."

———◆———

### C. *Miscellaneous Evidence.*

At the time he executed the two mortgages involved in this controversy E. P. Campbell owned several drilling rigs.

E. P. Campbell died on May 9, 1961.

On or about the date Campbell died appellee J. D. Lee, right-hand man of Leland Fikes and an officer of Continental, instructed appellee Tom Lesh, a district manager for Fikes, to take possession of a drilling rig belonging to Campbell. This rig was located on a lot belonging to State Line Cafe in close proximity to the line between the States of New Mexico and Texas. The rig was transported to Fikes' yard at Lubbock, Texas on trucks belonging to Jay Trucking Company. There is evidence that at this time the rig was located on the Texas side of the state line.

Appellees claim that the above rig was repossessed pursuant to the terms of the Continental mortgage executed by Campbell on August 1, 1960.

U. S. Bullocks saw the rig which had been repossessed by appellees and testified that it is the same rig described in Bogle's mortgage.

There is some doubt that the rig described in appellees' mortgage is the same rig described in Bogle's mortgage. We quote from the deposition testimony of J. D. Lee:

"MR. LARRY: What was your question, Mr. Hancock?

MR. HANCOCK: I showed Mr. Lee D–2 and Plaintiff's Exhibit No. 1, * * *.

*   *   *   *   *   *

A   What was your question now?

Q   (By Mr. Hancock) Are the rigs described there the same?

A   I would say it is impossible to tell whether they are the same. There is some similarity, but that is all. I am sure that some pieces of equipment are common to any number of rigs.

Q   The basic pieces of equipment there, are they the same?

A   It is impossible to tell if they are the same.

Q   Okay. Are there any serial numbers shown there that would give you an indication?

A   There are some numbers. I cannot tell if they are serial numbers as such. I believe they are more of a model number and—than they are a serial number, so that model numbers, you have no idea, or knowledge how many may be made of that same model."

Lee testified that the rig which was repossessed was appraised at a value of $50,000 or $60,000 at the time of the loan of $40,000 to Campbell. Bogle testified that the rig at the time it was repossessed at State Line Cafe was valued at $65,000. There is also testimony that the rig was appraised at $90,000 and $93,000.

Bogle notified appellees that he claimed his mortgage was superior to any mortgage appellees might have on the property in question. He demanded possession of the rig seized by appellees. His demand was refused. He thereupon filed this suit.

## OPINION

In his first point of error appellant charges that the summary judgment rendered by the trial court, which purports to be a final judgment in favor of all defendants, is fatally defective because it fails to dispose of one of the parties, the defendant Leland Fikes.

The motion for summary judgment was filed in behalf of all the defendants except Fikes. He is not named in either the motion or the judgment. No separate judgment was rendered in regard to Fikes. He is not named as an appellee in this appeal.

In their brief appellees state: "Leland Fikes departed this life September 3, 1966." This is the first time any mention is made of the death of Fikes. The statement is not supported by any reference to the record as specified by Rule 418(c) (i), Vernon's Texas Rules of Civil Procedure. We have found nothing in the pleadings or evidence of Fikes' death. There is nothing in the record to show that the death of Fikes was ever brought to the attention of the trial court.

Appellant neither affirms nor denies that Fikes died before rendition of the judgment now on appeal. He simply says that the record is silent as to the alleged death and this court cannot go outside the record to make a determination of a material fact. He cites Boddeker v. Olschewske, 127 Tex. 598, 94 S.W.2d 730 (1936); Dallas Fountain and Fixture Co., Inc., v. Hill, 330 S.W.2d 648 (Tex.Civ.App., Dallas 1959, writ ref'd n.r.e.); City of San Antonio v. Anderson, 343 S.W.2d 950 (Tex.Civ.App., Eastland 1961, no writ); Live Oak County v. Lower Nueces River Water Supply District, 352 S.W.2d 139 (Tex.Civ.App., San Antonio 1961, writ dism'd).

Appellees point out that the judgment contains this recitation:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any and all relief sought by the plaintiff, Hal Bogle, against the defendants be and the same is denied and that plaintiff take nothing as against any of the defendants."

This recitation indicates, according to appellees, that the court did take notice of Fikes' death and that by implication all remaining parties defendant were properly disposed of in a final judgment.

There are a number of cases which hold that a judgment is final and appealable if it expressly or by implication disposes of all parties still in the case at the time judgment is rendered, though a party defendant that was once in the case may have died before judgment was rendered. First Nat. Bank in Dallas v. Hawn, 392 S.W.2d 377 (Tex.Civ.App., Dallas 1965, writ ref'd n.r.e.); Ridley v. McCallum, 139 Tex. 540, 163 S.W.2d 833 (1942). But in such cases the fact of death is shown in the record and the trial court was aware of the fact when rendering judgment.

In the case now before us there is no such showing in the record and we cannot go outside the record to determine the fact. Appellant's first point is sustained.

Should we be in error in the above holding we nevertheless for other reasons must reverse this summary judgment. In his fifth point of error appellant says that there is a fact issue presented as to whether Continental's mortgage covered the property on which appellees foreclosed. We agree with appellant.

There is evidence that the property described in appellant Bogle's mortgage is the same property seized by appellees in foreclosure of the Continental mortgage. But the descriptions of the property in the two mortgage instruments are not alike. Appellee Lee himself, an officer in Continental, testified that it is impossible to tell from the descriptions themselves whether they refer to the same property. The evidence is undisputed that Campbell owned several drilling rigs. Certainly it needs no citation of authority for us to hold that Continental could not rightfully foreclose on the property described in the Bogle mortgage unless it held a mortgage on the same property.

It is to be remembered that in summary judgment proceedings in determining whether a record presents any issue of a material fact we are to be guided by definitely established rules. The burden of proof is on the movant. All doubts as to the existence of genuine issue as to a material fact are to be resolved against the movant. The evidence must be viewed in the light most favorable to the party opposing the motion. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion must be accepted as true. Uncontradicted evidence from interested witnesses cannot be considered as doing more than raising a fact issue unless it is clear, direct and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup.1965). Appellant's fifth point is sustained.

In other points of error appellant asserts that there are fact questions as to (2) the priority of appellant's mortgage over that of appellees; (3) whether appellees had notice (at least constructive notice) of appellant's mortgage; (4) the state and county in which the property was located at the time the mortgages were executed; (6) whether appellees had a right to foreclose in the time and manner they did; (7) whether the value of the property foreclosed exceeds the amount of appellees' mortgage; and (8) the testimony offered in behalf of appellees, since said testimony came from interested witnesses. We sustain the above points of error.

**896**

Appellees claim that the findings and holdings of the Court of Civil Appeals on the appeal of the venue order in this case are conclusive on the trial on the merits and on this appeal. We cannot agree. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223 (1940); Frost v. Wells, 388 S.W.2d 235, 238 (Tex.Civ.App., Amarillo 1965, writ dism'd); Luse v. Union City Transfer et al., 324 S.W.2d 935, 938 (Tex.Civ.App., Waco 1959, writ dism'd); Dunn et al. v. Stephens et al., 435 S.W.2d 886 (Tex.Civ.App., Dallas 1968).

Appellees also claim that appellant's cause of action is barred under the statute of limitations. Appellant's original petition was filed well within the time prescribed by the statute. The case went to trial on appellant's Fourth Amended Petition, which was filed after the cause was transferred to Dallas County for trial on the merits. It was permissible to file the amended petition after the transfer of the cause. 60 Tex.Jur.2d 148. The allegations in the various amended pleadings vary somewhat as to details and alternative remedies sought. But said allegations are not based on or grow out of new, distinct, or different transactions or occurrences. They all are to the effect that appellant has a prior mortgage on Rig No. 1, that appellees seized the property under a claim arising from a later chattel mortgage, that appellees refused to return the property and that appellant was damaged thereby. There is no merit to appellees' claim of limitations. Art. 5539b, Vernon's Ann.Civ.St.; Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816, 823 (1950); Oliveros v. Dillon-Beck Mfg. Co., 260 S.W.2d 707 (Tex.Civ.App., 1953, no writ); Global Corporation v. Vincent, 156 Tex. 398, 295 S.W.2d 640 (1956); Davis v. Crockett, 398 S.W.2d 302, 306 (Tex.Civ. App., Dallas 1965, no writ).

The judgment is reversed and the cause remanded to the trial court for further proceedings.

Reversed and remanded.