NO. 07-04-0475-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 29, 2006
_____

JAMES D. BEVERS, APPELLANT

V.

CHERISH BRODBECK, APPELLEE
_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-519,679; HONORABLE MARVIN MARSHALL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

The dispositive question presented in this personal injury suit is whether the plaintiff's failure to follow the procedure established in the Rules of Civil Procedure upon death of the defendant led to a void judgment. Finding it did, we reverse the trial court's judgment and remand the cause.

Cherish Brodbeck filed suit against James D. Bevers to recover for personal injuries she received in a traffic accident. Bevers answered and the case was tried to a jury in February 2004. The jury returned a verdict in favor of Bevers but the trial court granted

Brodbeck's motion for new trial.  Shortly before the second trial, counsel for Bevers filed a suggestion of Bevers' death.  The document recited it was filed by Patsy Bevers, "surviving spouse and sole surviving heir of James D. Bevers," and his attorney.  It stated that Patsy Bevers should be substituted as the party defendant in the capacity as sole surviving heir of James D. Bevers.  No action was taken pursuant to the suggestion of death.

Patsy Bevers was not present during any part of the second trial.[1]  The jury returned a verdict in favor of Brodbeck, and the trial court signed the judgment submitted by her.  It rendered judgment for her "against Defendant, James D. Bevers."  Bevers' counsel filed a motion for new trial and for judgment non obstante veredicto for "James D. Bevers, the named defendant herein, and Patsy Bevers, as sole heir of James D. Bevers, deceased." A footnote in the motion recited no order had been entered in response to the suggestion of death.

The procedure on death of a party is set out in Rules of Civil Procedure 150 through 156 and differs depending on which party dies and at what point in the proceeding the death occurs.  Rule 150 provides that when the cause of action survives, the suit does not abate because of the death of a party before the verdict, but "may proceed to judgment as hereinafter provided." Rule 152 governs when a defendant dies before verdict.  It provides

---

[1] Bevers' counsel advised the court his efforts to contact Patsy before the second trial were unsuccessful.  Statements of counsel indicate that she was a passenger in the vehicle her husband was driving at the time of the traffic accident, and also had filed a suit against him.  A statement of counsel also indicates she was represented by another attorney in that suit.

that on a suggestion of death, or on petition of the plaintiff, "the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator, or executor or heir." Tex. R. Civ. P. 152.[2] There is no contention that Rule 152 was complied with here.

Appellant's first issue challenges the validity of the judgment against the deceased James D. Bevers when no personal representative was served or participated in the trial. Appellant contends the judgment is void as a matter of law. We agree. *See De La Morena v. Ingenieria E. Maquinaria de Guadalupe, S.A.*, 56 S.W.3d 652, 655 (Tex.App.–Waco 2001, no pet.) (citing *First Nat'l Bank in Dallas v. Hawn*, 392 S.W.2d 377 (Tex.Civ.App.–Dallas 1965, no writ));[3] *Northeast Texas Mun. Water Dist. v. Mims*, 389 S.W.2d 347 (Tex.Civ.App.–Texarkana 1965, no writ) (judgment set aside; trial court committed "fundamental error" by forcing counsel for deceased defendant to trial in absence of compliance with Rule 152); *Trahan v. Roberts*, 48 S.W.2d 503, 506 (Tex.Civ.App.–Beaumont 1932, no writ) (in absence of compliance with Rule 152 within reasonable time, court could take no action other than dismissal).

---

[2] This case does not present the circumstances addressed in Rule of Civil Procedure 156, when a party dies "between verdict and judgment" in a jury case or "after the evidence is closed and before judgment is pronounced," in a non-jury case, in which circumstances the rule provides that "judgment shall be rendered and entered as if all parties were living." Tex. R. Civ. P. 156.

[3] The Dallas court observed in *Hawn* that "a suit cannot be maintained against a dead man." 392 S.W.2d at 379.

Like the plaintiffs in *De La Morena* and *Hawn*, despite the filing of a suggestion of death, Brodbeck failed to comply with the scire facias procedure necessary to permit her suit to proceed against a representative of the deceased defendant's estate. *Hawn*, 392 S.W.2d at 379; Tex. R. Civ. P. 150, 152.

Significantly, Brodbeck's brief on appeal does not ask that the trial court's judgment be affirmed. She argues the judgment is valid against Patsy in her capacity as Bevers' sole heir because she had notice of the proceeding and participated in it. Her brief asks that we modify the judgment to state that it is against Patsy, as sole heir. We find no support in the record for either prong of Brodbeck's argument.

Notice of a suit is a fundamental component of due process to which all litigants are entitled. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Dickerson v. Doyle*, 170 S.W.3d 713, 721 (Tex.App.–El Paso 2005, no pet.). *See also* Tex. R. Civ. P. 124 (no judgment without service or appearance). Like a citation, a scire facias brings a person before the court by giving her notice of the suit. *See* Tex. R. Civ. P. 154 (scire facias and return governed by rules applicable to citation). It is unique only in that it is directed to a person authorized to represent an estate. *See Pewthers' Estate v. Holland Page Industries, Inc.*, 443 S.W.2d 392, 395 (Tex.Civ.App.–Austin 1969, writ ref'd n.r.e.). Acknowledging that no scire facias was issued for Patsy or served on her, Brodbeck nonetheless argues Patsy had notice of the proceedings before the trial court, rendering that omission harmless. Brodbeck does not identify any evidence in the record that Patsy had actual knowledge she was a party to the

4

suit in any capacity. As noted, what the record shows is only that Patsy was not present during the trial, and that counsel's efforts to contact Patsy before trial were unsuccessful.

Brodbeck cites *Nichols v. Nichols*, 907 S.W.2d 6 (Tex.App.–Tyler 1995, writ denied), as authority for her position the failure to issue and serve a scire facias can be disregarded if heirs have an opportunity to participate. *Nichols* involved the death of the defendant in a divorce proceeding after judgment, and the heirs of the decedent complained of the trial court's granting the plaintiff's motion for new trial and motion for non-suit without notice to them. *Id*. at 10-11. We do not find the applicability of Rule 152 under the facts of that case to be entirely clear, and in any event do not find it supports a conclusion that Patsy properly could be bound by the judgment against her deceased husband in this case in the absence of notice to her.[4]

Despite the lack of service, Brodbeck also argues the judgment is valid against Patsy because she made a general appearance in her capacity as Bevers' sole heir. *See Werner v. Colwell*, 909 S.W.2d 866, 869-70 (Tex. 1995) (defendant may waive service by making general appearance before the court); Tex. R. Civ. P. 124 (no judgment against defendant "unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules").

_____

[4] Brodbeck also looks to authority concerning joinder of parties under Rule of Civil Procedure 39 to argue the failure to join Patsy did not deprive the court of jurisdiction. Those cases address the effect of non-joinder on a court's jurisdiction over the parties before it. *See, e.g., Gomez v. Kestermeier*, 924 S.W.2d 210, 212 (Tex.App.–Eastland 1996, writ denied). Substitution of a personal representative for a deceased party through scire facias is not governed by the rules concerning joinder of parties.

As evidence Patsy made a general appearance, Brodbeck points to statements during trial made by counsel and the trial court. Brodbeck's counsel a few times made references to Patsy as "his client," referring to Bevers' counsel, who did not always object to the references. The trial court once made the comment to counsel at a bench conference, referring to Patsy, "She's a personal representative of his estate, I understand."[5] During the same discussion, Bevers' counsel made the ambiguous statement, "Judge, my client is Mr. Bevers. I know that he is dead and his only heir is Mrs. Bevers."[6] Later, however, as Bevers' counsel began his objections at the charge conference, he stated, "Comes now, James D. Bevers, Defendant in the above and [sic] entitled and numbered Cause, and/or Patsy Bevers in her capacity as sole heir of James D. Bevers, deceased, and makes and files these, his/her/their, objections to the . . . proposed Court's Charge in this matter."

Brodbeck relies on *Bernstein v. Portland Savings and Loan Ass'n*, 850 S.W.2d 694 (Tex.App.–Corpus Christi 1993, writ denied), *overruled on other grounds by Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378 (Tex. 2000). In that case, Portland sued Bernstein in 1982, but he died in 1985 before trial. Although no amended pleadings were filed reflecting his

---

[5] There is no evidence, or even a statement by counsel, that Patsy had been appointed personal representative of her husband's estate. The only indications that she was her husband's "sole heir" come from the suggestion of death and statements of counsel.

[6] The statement is technically incorrect, of course, since it ignores the case law establishing that death of an attorney's client terminates the attorney-client relationship, and with it the attorney's authority to appear on behalf of the client. *Brooks v. Hale*, 457 S.W.2d 159, 164 (Tex.Civ.App.–Tyler 1970, writ ref'd n.r.e.). We note it here only as an indication that Bevers' counsel did not view Patsy as his client.

death and no formal substitution of parties was made, a suggestion of death was filed and scire facias was issued. *Id*. at 700. Bernstein's brother, who was also a defendant individually, was named as personal representative in the suggestion of death. The brother later filed a motion for sanctions "individually and as personal representative" of Bernstein's estate. Still later pleadings were filed on behalf of the brother and Bernstein's estate. *Id*. Summary judgment was granted for the brother on the claims against him individually, and the case proceeded to trial against Bernstein's estate. *Id*. at 699. Following trial judgment was entered against Bernstein and his estate. *Id*. at 697. Citing the notice given the personal representative and his participation in that capacity, the appellate court found the judgment was binding against the personal representative "even though it was incorrectly entered against the estate." *Id*. at 700.

We disagree the quoted statements are sufficient to support a conclusion Patsy made a general appearance on behalf of her husband's estate.[7] They do not reflect the same quality of participation as that of the personal representative in *Bernstein*. 850 S.W.2d at 700. *See also Miller v. Estate of Self*, 113 S.W.3d 554, 558 (Tex.App.–Texarkana 2003, no pet.) (temporary administrator's conduct insufficient participation); *Supak*, 56 S.W.3d 794 (evidence decedent's son was introduced to jury as "representing that family" and testified as a fact witness insufficient to support the

---

[7] Brodbeck also points to the motion for new trial filed by Bevers' counsel, which states that it is filed by "James D. Bevers, the named Defendant herein, and Patsy Bevers, as sole heir of James D. Bevers, deceased." Even assuming, arguendo, that the filing of such a pleading at that post-judgment stage constituted a general appearance by Patsy, it would not be effective retroactively, so as to make the previously-entered judgment binding on her. *See H. L. McRae Co. v. Hooker Const. Co.*, 579 S.W.2d 62, 65-66 (Tex.Civ.App.–Austin 1979, no writ)

conclusion he participated as representative of the estate); *Mims*, 389 S.W.2d at 348; *Dueitt v. Dueitt*, 802 S.W.2d 859, 861 (Tex.App.–Houston [1st Dist.] 1991, no writ) (holding a personal representative participated in proceeding based on affidavit of a co-executor of decedent's estate verifying the petition rather than the attorney's signature on the petition).

We sustain appellant's first issue, and find doing so requires that we remand the cause. Appellant's other appellate issues assert that attorney misconduct led to an improper judgment and that no evidence supported some elements of the damages awarded. Given our disposition of appellant's first issue, consideration of those issues is not necessary. Accordingly, we reverse the trial court's judgment and remand the cause for a new trial.

James T. Campbell
Justice