



## OPINION

No. 04-10-00293-CV

Michael R. **MORTON**,
Appellant

v.

**CITY OF BOERNE**, Texas and Dan Heckler, Jacques DuBose, Jeff Haberstroh, Rob Ziegler,
Ron Warden, and Bob Manning, in their Official Capacities,
Appellees

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 10-102
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:      Catherine Stone, Chief Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  February 2, 2011

AFFIRMED

        Michael R. Morton appeals the trial court's judgment dismissing his suit against the City

of Boerne, its mayor, and council members (jointly referred to as "the City") for want of

jurisdiction.  We affirm.

**BACKGROUND**

        The City of Boerne was established as a home-rule municipality in 1995, and its home-

rule charter was approved by voters.  The charter provides for five council members to be elected

at large, by place, and by a plurality vote for two-year terms. The charter also requires that amendments to the charter be adopted in accordance with State law. Article XI, section 5 of the Texas Constitution and sections 9.004 and 9.005 of the Texas Government Code provide that the charter may be amended only after a majority vote of the qualified voters in the city.

In August 1996, the League of United Latin American Citizens ("LULAC") sued the City in federal district court, alleging that the method of electing council members unlawfully diluted the voting strength of minority voters. The complaint alleged violations of the Fourteenth and Fifteenth Amendments to the United States Constitution and of the federal Voting Rights Act. The parties settled, and the City agreed to modify its system for electing council members to provide for at-large cumulative voting, not by place. On December 26, 1996, the federal district court ordered the provisions of the settlement agreement "be implemented as the order and judgment of" the court and dismissed the case with prejudice. The Justice Department precleared the election change and the City implemented cumulative voting in 1997. The city charter was not amended to reflect the change in voting method. The cumulative voting method for electing Boerne city council members continued in effect until 2010.

On December 2, 2009, the Boerne city council held a special meeting to consider (1) eliminating cumulative voting and creating five single-member districts for electing council members; (2) authorizing a joint motion to reopen the federal voting rights case; (3) authorizing a modified settlement agreement in the voting rights case; and (4) passing, on a one-time reading, a city ordinance establishing and approving single-member voting districts for election of council members. A public hearing was held on the first issue, during which appellant Michael Morton argued the matter should be put for a vote on a charter amendment. The city council voted to authorize a joint motion to reopen the federal case and modify the compromise

settlement agreement. The council also voted to pass, on a one-time reading, a city ordinance establishing single-member districts.

On December 9, 2009, the City and LULAC filed a joint motion to reopen the federal case and to modify the compromise settlement agreement. The motion alleged that when the 1996 complaint was filed, LULAC believed "that either a single member electoral district system or a cumulative voting system would ensure a city council of members whose election would not cancel out, minimize or dilute the voting strength of minority voters." It further alleged that "[t]he cumulative voting system has failed to produce the results desired by either LULAC or the CITY." The modified compromise settlement agreement set forth in detail a plan for elections of city council members using single-member districts, and required the City to seek preclearance from the Department of Justice. It further provided that all city elections are to "be conducted in compliance with the relevant provisions of the City of Boerne City Charter, except where those provisions are in conflict with this agreement and subsequent Court Order approving same."

On December 10, 2009, the federal judge signed an order reopening the original federal case, ordering that the provisions of the modified compromise settlement agreement be implemented, and ordering the parties to submit a joint motion to dismiss "upon completion of all steps necessary to implement the single member district electoral process for election of members to the Boerne City Council." After the plan was precleared by the Department of Justice, the City and LULAC filed a joint motion to dismiss the federal case. On April 19, 2010, the federal court signed an order dismissing the cause with prejudice and ordering "that the provisions of the Modified Compromise Settlement Agreement pertaining to the elective process in the City of Boerne … be implemented as the order and judgment of this Court in this case." Morton, who had unsuccessfully sought to intervene in the federal case, appealed both the denial

of his motion to intervene and the final order to the Fifth Circuit. The appeals have been consolidated and are pending on that court's docket.

Morton filed this suit in state district court on February 25, 2010. The petition alleged that by passing the ordinance and authorizing the motion to reopen the federal case, the City effectively amended the city charter without voter approval, in violation of the Texas Constitution and the Texas Local Government Code. Morton alleged that as a citizen and resident of the City of Boerne, he was illegally denied his right to participate in the democratic process and his right to determine how city council members will be elected. Morton sought a declaration that the defendants violated article XI, section 5 of the Texas Constitution and sections 9.004 and 9.005 of the Texas Local Government Code "by refusing to present the proposed effective amendment of Boerne's charter to the qualified voters of Boerne." He further sought an injunction requiring the City to conduct city council elections on an at-large basis and ordering the City to withdraw its then-pending request to the Department of Justice for preclearance of the single-member district plan. The City argued, among other things, that the suit was an impermissible collateral attack on a federal court judgment, any declaratory judgment would be advisory, and the state court lacked subject matter jurisdiction over the case. The trial court denied Morton's application for a temporary injunction, and the court subsequently signed an order dismissing the suit for want of jurisdiction. Morton appealed.

### DISCUSSION

A federal court judgment that determines a right under a federal statute is "'final until reversed in an appellate court, or modified or set aside in the court of its rendition.'" *Stoll v. Gottlieb*, 305 U.S. 165, 170 (1938) (quoting *Deposit Bank v. Frankfort*, 191 U.S. 499, 520 (1903)). "The full faith and credit clause of the United States Constitution requires that federal

court orders be enforced by Texas courts," and a party "may not use the state courts for a collateral attack on [a federal court] judgment." *Bexar Metro. Water Dist. v. City of San Antonio*, 228 S.W.3d 887, 895 (Tex. App.—Austin 2007, no pet.); *see Nat'l R.R. Passenger Corp. v. Penn. Pub. Util. Comm'n*, 342 F.3d 242, 259-60 (3d Cir. 2003) (state court may not issue order that nullifies federal consent decree).

The 2010 federal judgment requires the City to elect its council members through single-member districts. Morton's complaints concerning the manner in which the federal case was reopened and the judgment was obtained, and the lack of any allegations or findings in that case regarding Voting Rights Act violations are all issues that directly attack the federal judgment and must be addressed in the federal court. As long as the 2010 federal judgment has not been reversed by an appellate court or modified or set aside in the court of its rendition, a state court may not grant relief that requires the City to obtain voter approval as a prerequisite to electing council members using single-member districts. *See Bexar Met.*, 228 S.W.3d at 895.

Morton argues he does not seek an order that nullifies or has any effect on the federal court decree. Rather, he contends his "suit challenges the validity, under state law of Boerne's ordinance, which has force and effect entirely independent of the federal court's judgment" because (1) the City was not under a federal court order to implement single-member districts when it passed the ordinance and (2) the ordinance will remain in place even if the 2010 federal judgment is vacated. Morton seeks a declaration that "the city's actions were void *ab initio* and that he has the legal right, under state law, to vote on a change to Boerne's voting structure."

Morton correctly asserts that a state district court has subject matter jurisdiction over a declaratory judgment action to determine the validity of a city ordinance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 *et seq.* (West 2008). However, for the district court to have "the

power, authority and jurisdiction" under the Texas Constitution to entertain the action, there must be "'a real controversy between the parties, which . . . will be actually determined by the judicial declaration sought.'" *United Servs. Life Ins. Co. v. Delaney*, 396 S.W.2d 855, 860 (Tex. 1965) (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 155 Tex. 111, 283 S.W.2d 722, 724 (1955)). The separation of powers article in the Texas Constitution prohibits the judiciary from rendering advisory opinions. *Patterson v. Planned Parenthood of Houston and Se. Tex., Inc.*, 971 S.W.2d 439, 442-43 (Tex. 1998). A court may not issue an opinion on a matter that is moot or one that is not yet ripe. *Id.* "A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id.* at 443.

Morton's complaint that the ordinance was passed without voter approval at a time when no federal court order required a change in the voting method became moot when the case was reopened, the federal court ordered the City to implement single-member districts, and the Department of Justice precleared the plan. *See City of Shoreacres v. Tex. Comm'n on Envtl. Quality*, 166 S.W.3d 825, 838 (Tex. App.—Austin 2005, no pet.) (holding suit for declaration state agency violated statutes when issuing certification that federal permit would comply with Texas water quality standards became moot when federal permit issued because requested relief would have no practical legal effect on controversy between parties); *Pantera Energy Co. v. R.R. Comm'n of Tex.*, 150 S.W.3d 466, 471 (Tex. App.—Austin 2004, no pet.) (a live controversy must exist between parties at every stage of legal proceedings; when one seeks judgment on matter which, when rendered, cannot have practical legal effect on a then-existing controversy, case is moot and court lacks jurisdiction). Morton's argument that the allegedly unconstitutional ordinance will remain in effect should the 2010 federal judgment be vacated is not ripe. As long as the 2010 federal judgment is in effect, the state district court could not render an enforceable

judgment requiring that the issue of single-member districts be submitted to the voters of the City of Boerne or prohibiting the election of city council members by use of single-member districts. Any declaration by the state district court that the ordinance is void or that Morton's right to vote was violated by its enactment would not result in any change in the manner in which Boerne city council members are elected, nor would it result in a vote on a charter amendment. Any such declaration would therefore be advisory and would not resolve or actually determine the dispute. Accordingly, the trial court correctly dismissed the case for want of jurisdiction. *See Patterson*, 971 S.W.2d at 444; *City of Shoreacres*, 166 S.W.3d at 838; *Delaney*, 396 S.W.2d at 864.[1]

The judgment of the trial court is therefore affirmed.

Steven C. Hilbig, Justice

---

[1] The City argues, alternatively, that the trial court properly dismissed Morton's suit because Morton lacked standing to challenge the ordinance. Because of our disposition of the appeal, we do not decide whether Morton would have standing to pursue this action in the event it were to become ripe.