**Order entered March 6, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01332-CV

**MIKE JABARY, Appellant**

**V.**

**CITY OF ALLEN, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-00827-2011**

## ORDER

Before the Court is appellant's February 22, 2013 motion to reconsider our February 13, 2013 order. In that order we directed appellant, in accordance with the trial court's November 16, 2012 order sustaining the court reporter's and appellee's contests to appellant's affidavit of indigence, to pay for the clerk's record. Appellant raises two arguments. First, citing *Morton v. City of Boerne*, 345 S.W.3d 485, 488 (Tex. App.—San Antonio 2011, pet. denied), appellant contends we should give "full faith and credit" to a January 19, 2011 order in which the United States District Court, Eastern District of Texas, granted him leave to proceed as indigent in a suit pending in that court. Second, he contends that because the district clerk did not contest his indigence affidavit in this case, the trial court "limited the required costs to those of the court

reporter." In support of this argument, appellant cites to the following exchange that occurred after the trial judge pronounced her ruling that she was sustaining the contests and "requir[ing appellant] to work out some minimum payment plan with the court reporter and the clerks for the cost of th[e] documents as necessary":

[APPELLANT]: The clerks did not - -

THE COURT: If they're not demanding any payment, then they're fine.

[APPELLANT]: The district clerk did not complain.

THE COURT: So that would limit it just to [the court reporter] then.

[APPELLANT]: Yes, sir.

THE COURT: That's an important clarification. Anything else?

In response to appellant's arguments, appellee notes appellant raised the full faith and credit argument with the trial court, and the trial court rejected the argument. Appellee further notes the trial court's November 16th order sustaining the contests expressly ordered appellant to "pay costs as required by the Texas Rules of Appellate Procedure," and those costs include the charges for preparing the clerk's record.

Based on our review of relevant law and the record of the hearing on the contests to the affidavit of indigence, we reject appellants' first argument. While the full faith and credit clause prohibits a collateral attack of a federal court judgment in state court, the proceedings at the indigency hearing did not constitute a collateral attack of the federal court's order granting appellant leave to proceed as indigent. The issue at the indigency hearing was not appellant's ability, in 2011, to pay for costs in federal district court, but his ability, in November 2012, to pay for costs in state district court. *See Morton*, 345 S.W.3d at 488.

Because it is well-settled that a written order controls over a trial court's oral pronouncement when an inconsistency exists, we also reject appellant's second argument. *See In re A.S.G.*, 345 S.W.3d 443, 448 (Tex. App.—San Antonio 2011, no pet.). As appellee points out, the trial court's November 16th order specifically directed appellant to pay the costs as required by the appellate rules, and those costs include the clerk's record. *See* TEX. R. APP. P. 20.1(n)(2), 34.1.

We **DENY** appellant's motion to reconsider and **ORDER** appellant to pay for the clerk's record within ten (10) days of the date of this order. We further **ORDER** Collin County District Clerk Andrea Stroh Thompson to file the clerk's record within ten days of receipt of payment. We again caution appellant that failure to pay for the clerk's record will result in the appeal being dismissed without further notice. TEX. R. APP. P. 37.3(b), 42.3(b), (c).

/s/     ELIZABETH LANG-MIERS
JUSTICE