**Affirmed and Memorandum Opinion filed March 5, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00632-CV

---

## ALI YAZDCHI, Appellant

## V.

## TD AMERITRADE AND WILLIAM E. RYAN, Appellees

---

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2014-74155**

---

## M E M O R A N D U M   O P I N I O N

In this appeal from a traditional summary judgment, the appellant contends that the judgment is not final because there is a pending claim against a deceased defendant, and thus, we lack jurisdiction over this appeal. Alternatively, he argues that the judgment should be reversed because the summary-judgment grounds are without merit. Because the summary judgment disposed of all claims against the only remaining defendant, we conclude that the judgment was final, and thus,

appealable. Reaching the merits of the ruling, we conclude that the trial court did not err in granting summary judgment on the ground of collateral estoppel. We accordingly affirm the judgment.

## I. Background

Ali Yazdchi sued TD Ameritrade ("Ameritrade") and William E. Ryan for conversion, bad faith, and deceptive trade practices, and asserted additional claims against Ameritrade for breach of contract and negligence. According to Yazdchi, Ryan manufactured an unauthorized durable power of attorney purporting to grant Ryan the power to withdraw funds from any account in Yazdchi's name and to sign Yazdchi's name to any check, draft, or receipt. Yazdchi alleges that Ryan had drafted a more limited power of attorney in which all of the terms were on the document's first page and Yazdchi's notarized signature was on the second page. Yazdchi claims that Ryan then drafted the broad power of attorney at issue in this case and attached the page containing Yazdchi's notarized signature. According to Yazdchi, Ryan used the manufactured power of attorney to withdraw $81,000.00 from Yazdchi's Ameritrade account without Yazdchi's authorization.

Ryan died while this suit was pending in the trial court, and Yazdchi thereafter pursued his claims in this suit only against Ameritrade.

### A.   The *Chase* Lawsuit

In a separate federal suit styled as *Yazdchi v. JP Morgan Chase Bank, N.A.*, No. 4:15-cv-00121, in the Southern District of Texas, Houston Division ("the *Chase* Lawsuit"), Yazdchi sued JPMorgan Chase Bank ("Chase") for claims arising from the same power of attorney. As in this case, he alleged that his notarized signature was on the second page of a more limited power of attorney, and that Ryan had switched the first page of that document for another, broader power of attorney,

2

which Ryan used to withdraw funds from Yazdchi's Chase bank account without Yazdchi's consent.

Chase moved for summary judgment, producing evidence that included a letter to Chase dated March 14, 2013 "acknowledging the power of attorney up to that point and revoking it from that point forward." *Yazdchi v. JP Morgan Chase Bank, N.A.* (*Chase I*), CV H-15-121, 2015 WL 12551491, at *3 (S.D. Tex. Dec. 28, 2015). In December 2015, the federal district court granted Chase's motion for summary judgment and dismissed Yazdchi's claims with prejudice. *See id.* at *4.

Yazdchi appealed from that ruling, and the appeal deprived the federal district court of jurisdiction over the *Chase* Lawsuit. *See Yazdchi v. JP Morgan Chase Bank, N.A.* (*Chase II*), CV H-15-121, 2016 WL 4097142, at *3 (S.D. Tex. Aug. 2, 2016). Nevertheless, Yazdchi later filed a motion for reconsideration in the district court, which purported to grant the motion, vacate the judgment, and remand the case to state court. *See id.* After Chase pointed out that the trial court lacked jurisdiction to take such action, the trial court vacated those rulings. *See id.* Yazdchi then attempted a state-court appeal of the federal court's acknowledgment that it lacked jurisdiction to vacate the summary judgment or to remand the *Chase* Lawsuit to state court, and our sister court dismissed the case for want of jurisdiction. *See Yazdchi v. JP Morgan Chase Bank, N.A.* (*Chase III*), No. 01-17-00301-CV, 2017 WL 2255773, at *1 (Tex. App.—Houston [1st Dist.] May 23, 2017, no pet.) (per curiam) (mem. op.). Yazdchi's federal appeal of the *Chase* summary judgment also was unsuccessful, and Supreme Court of the United States denied certiorari. *See Yazdchi v. JPMorgan Chase Bank, N.A.* (*Chase IV*), 138 S. Ct. 2578 (May 29, 2018). Thus, the federal court's summary judgment in Chase's favor remains a final judgment.

3

**B.      Summary Judgment in This Suit**

Ameritrade moved for traditional summary judgment on the grounds that (1) due to the final judgment in the *Chase* Lawsuit, Yazdchi is barred by collateral estoppel from contesting the validity and authenticity of the power of attorney; (2) Yazdchi is barred by res judicata from relitigating the claims he asserted or could have asserted in the *Chase* Lawsuit; (3) there is no genuine issue of material fact that Yazdchi signed the power of attorney, which was valid in all respects and authorized the transfers at issue; (4) there is no genuine issue of material fact that Yazdchi additionally signed a Trading Authorization Agreement, which was valid and which also authorized the transfers at issue; and (5) Yazdchi has suffered no damages as a result of Ameritrade's issuance of checks as requested by Ryan because the checks were deposited in Yazdchi's Chase bank account. The trial court granted summary judgment without stating the grounds, and Yazdchi now appeals the ruling.

## II. JURISDICTION

Yazdchi argues that the summary judgment in Ameritrade's favor is not a final judgment because it does not dispose of his claims against Ameritrade's co-defendant William Ryan. With exceptions inapplicable here, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Thus, if the summary judgment is not final, we lack jurisdiction to review it.

We conclude, however, that the summary judgment is a final judgment. The record shows that Ryan's counsel filed a suggestion of death on March 10, 2017, reporting that Ryan had died the previous day. Having passed beyond the trial court's power, Ryan necessarily ceased to be a party. *See First Nat'l Bank in Dall. v. Hawn*, 392 S.W.2d 377, 379 (Tex. App.—Dallas 1965, writ ref'd n.r.e.) ("As a matter of law, his death removed him as a party, for a suit cannot be maintained

4

against a dead man."). A few days later, the same attorney filed an amended suggestion of death identifying the representative of Ryan's estate. Yazdchi could have amended his pleading to substitute the estate's representative for Ryan, or he could have caused the clerk of the court to issue a scire facias to the estate's representative. *See* TEX. R. CIV. P. 152. Yazdchi, however, did neither. *See Hawn*, 392 S.W.2d at 379 (explaining that a deceased defendant's estate is not a party to pending litigation "in the absence of affirmative acts making it a party and notifying its representative"). The suit therefore proceeded against the only remaining defendant. *See* TEX. R. CIV. P. 155. Thus, when the trial court granted Ameritrade's motion for summary judgment and ordered Yazdchi's claims against Ameritrade dismissed with prejudice, the trial court rendered a final judgment disposing of all of the parties and issues that remained in the case. Because a judgment disposing of all pending parties and claims is a final judgment, we conclude that we have jurisdiction over Yazdchi's appeal. *See Lehmann*, 39 S.W.3d at 195.

### III. SUMMARY JUDGMENT

To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). We review a summary judgment de novo, construing the evidence in the light most favorable to the non-movant by crediting evidence favorable to the non-movant if a reasonable juror could and disregarding contrary evidence unless a reasonable juror could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

Because it is dispositive of the appeal, we address only Ameritrade's summary-judgment ground of collateral estoppel. Collateral estoppel, also known as issue preclusion, "is designed to promote judicial efficiency, protect parties from

5

multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801–02 (Tex. 1994). It applies "when an issue decided in the first action is actually litigated, essential to the prior judgment, and identical to an issue in a pending action." *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001). Ameritrade moved for summary judgment on the ground, among others, that the *Chase* Lawsuit established that Yazdchi's signature on the power of attorney naming Ryan as his attorney-in-fact is authentic and the power of attorney is valid, and thus, Yazdchi is collaterally estopped from relitigating the issue.

On appeal, Yazdchi argues that (a) collateral estoppel does not apply because Chase and Ameritrade are different entities and Ameritrade was not a party to the *Chase* Lawsuit; (b) the facts of this case differ from the facts in the *Chase* Lawsuit, which involved Ryan's production of an allegedly manufactured power of attorney to a financial institution, because there is no evidence that Ryan produced the power of attorney to Ameritrade, and Ameritrade did not produce a power of attorney in its responses to discovery; (c) the determination in the *Chase* Lawsuit that the power of attorney is valid was not essential to the judgment, which instead could have been based on Yazdchi's failure to promptly report unauthorized withdrawals; (d) the summary judgment in the *Chase* Lawsuit cannot support Ameritrade's collateral-estoppel argument because the *Chase* judgment was vacated and the case was remanded to state court, after which the federal district court had no jurisdiction to set aside its remand order and reinstate the summary judgment. We address each of these arguments in turn.

## A.    No Mutuality Required

Yazdchi first points out that Ameritrade was not a party to the *Chase* Lawsuit, but this is no bar to the collateral-estoppel doctrine, under which "it is only necessary

that the party *against whom* the doctrine is asserted was a party or in privity with a party in the first action." *Sysco Food Servs.*, 890 S.W.2d at 802; *see also Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990) (sub. op.) (same).[1] Yazdchi is the party against whom the doctrine is asserted in this case, and it is undisputed that he was a party to the *Chase* Lawsuit.

## B.     Presentment of the Power of Attorney to Ameritrade

In his next group of arguments, Yazdchi attempts to differentiate the facts of this case from those of the *Chase* Lawsuit by asserting that there is no evidence Ryan presented the power of attorney to Ameritrade, and that the Ameritrade transactions instead were based solely on a forged trading authorization agreement. No evidence supports this.

First, Yazdchi asserted in his live pleadings that the power of attorney was presented to Ameritrade. Because this assertion of fact was not pleaded in the alternative, we regard it as a judicial admission. *See, e.g.*, *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001); *Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983). A party who has judicially admitted a fact is barred from disputing it. *See Holy Cross Church*, 44 S.W.3d at 568. As for Ameritrade's alleged failure to produce the power of attorney in response to a discovery request, Yazdchi judicially admitted in his pleading that Ameritrade gave him a copy of the power of attorney before the suit was filed, and he attached a copy of the document to his pleading.

---

[1] This is one of the ways in which the doctrines of collateral estoppel and res judicata differ. *See, e.g., Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008) (res judicata requires "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action"), *superseded by statute on other grounds as recognized in Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 n.28 (Tex. 2017).

Second, Ameritrade supported its summary-judgment motion with Ryan's declaration from the *Chase* Lawsuit that he provided the durable powers of attorney not only to Chase, but also to Ameritrade, Wells Fargo Bank, N.A., and BBVA Compass Bank, "and each of these financial institutions honored the power of attorney." Yazdchi produced no controverting evidence. To the contrary, Yazdchi attested in the declaration he attached to his summary-judgment response that *both* an "unauthorized P.O.A. and unauthorized TD Ameritrade trading authorization agreement . . . were presented to TD Ameritrade in December 2010."

Third, the checks by which funds were removed from the Ameritrade account were made payable to Ali Yazdchi, and each is endorsed "Ali Yazdchi" by "William E. Ryan POA."

The record therefore conclusively establishes that Ameritrade, like Chase, honored the allegedly manufactured power of attorney presented to it. It is therefore unnecessary to consider whether the transfers were independently authorized by the trading authorization agreement.

## C. Power of Attorney's Acknowledged Validity Essential to the *Chase* Judgment

Yazdchi additionally contends that the determination in the *Chase* Lawsuit that the power of attorney is valid was not essential to the judgment, which instead could have been based on Yazdchi's failure to promptly report unauthorized withdrawals as required by Texas Business & Commerce Code § 4.406. *See* TEX. BUS. & COM. CODE ANN. § 4.406(c) (requiring a customer to "exercise reasonable promptness" in examining bank statements and notifying the bank of unauthorized payments). Yazdchi neither raised this argument in his summary-judgment response nor produced evidence that Chase moved for summary judgment on that basis.

The *Chase* Lawsuit's order granting summary judgment instead shows that the ruling was based on Yazdchi's many acknowledgments of the power of attorney's validity.[2]  As the *Chase* court stated in its order, "Chase submitted competent summary judgment evidence in this case establishing undisputed facts. The facts the evidence establishes are worth setting out here because they not only entitle Chase to judgment but also show that Yazdchi' s claims are frivolous."  The facts established were as follows:

- On November 30, 2010, Yazdchi entered into a Fee Agreement with Ryan stating that "counsel [Ryan] will be in possession of certain sums belonging to client [plaintiff], pursuant to a General Power of Attorney" and that "client authorizes and directs counsel to take all actions which counsel deems advisable on behalf of the client" for "services related to the management of Ali Yazdchi' s affairs."

- Yazdchi's signatures on three powers of attorney were notarized by a Harris County Sheriff's deputy on December 3, 2010.[3]

- Ryan presented the powers of attorney to Chase, Ameritrade, Wells Fargo Bank, N.A., and BBVA Compass, and each of these financial institutions honored the documents and allowed Ryan access to Yazdchi's accounts.

- On the same day that the powers of attorney were notarized, Ryan, as Yazdchi's representative, used a cashier's check drawn on Yazdchi's Chase account to pay attorney Samuel Adamo $25,000 to file a motion for new trial in the criminal case in which Yazdchi had been convicted.

---

[2] *See* FED. R. CIV. P. 56 ("The court should state on the record the reasons for granting or denying the [summary-judgment] motion.").

[3] The three documents are identical.

- Two days later, Yazdchi signed a Legal Services Contract with Adamo to file the motion for new trial. The Legal Services Contract states that Ryan, as Yazdchi's representative, paid Adamo $25,000 on December 3, 2010, confirming that Yazdchi provided the Power of Attorney to Ryan and thereby authorized him to make withdrawals and payments from the Chase account.

- Yazdchi sued Adamo in a separate action, in which he filed a pleading stating that he hired Adamo to file a motion for new trial and that Adamo was paid "$25,000 to prepare and file the motion for new trial." Yazdchi did not contend in the *Adamo* suit that payment was unauthorized; rather, he argued that Adamo overcharged for the services provided. The court in the *Adamo* case granted Adamo's motion for summary judgment and declared Yazdchi a vexatious litigant.[4]

- Until February 2013, Yazdchi's Chase monthly account statements were sent to the address he provided Chase, which was the same address he provided to the *Chase* court for notice.

- In correspondence dated January 16, 2013 and in an authorization dated April 23, 2013, Yazdchi acknowledged that Ryan had "the control of all my money" and expressly authorized Ryan to make certain payments on his behalf. The April 23, 2013, payment authorization also asked Ryan for an accounting "of all fees and expenses paid to Bill since November 2010," acknowledging that

---

[4] *See Yazdchi v. Jones*, No. 2015-05013, 11th District Court, Harris County, Texas. Yazdchi also was found to be a vexatious litigant in his cases against BBVA Compass Bank and Wells Fargo Bank, N.A. *See Yazdchi v. BBVA Compass Bank*, No. 2015-05657, 151st District Court, Harris County, Texas; *Yazdchi v. Wells Fargo Bank, N.A.*, 2015-11585, 215th District Court, Harris County, Texas. As statutorily required of persons found to be vexatious litigants, Yazdchi received the permission of the local administrative district judge to bring this appeal. *See* TEX. CIV. PRAC. & REM. CODE § 11.102.

Yazdchi knew Ryan was making payments on his behalf under a power of attorney.

- The last withdrawal from the Chase account was on February 22, 2013.

- In a letter dated March 14, 2013, Yazdchi notified Chase that he had revoked the "William E. Ryan Power of Attorney," stating that "Ryan was not authorized to pay to himself unless [Yazdchi] approved the payment" and that Chase should "immediately remove [Ryan's] name from [Yazdchi's] account." Yazdchi did not dispute the validity of the power of attorney or contend that Ryan forged the documents or substituted pages.

- In a letter to Chase dated May 29, 2013, Yazdchi transmitted a "notice of revocation" of the power of attorney, requested copies of his bank statements, and asked Chase to change his address. Once again, Yazdchi "indicated that he was revoking the Power of Attorney because Ryan was making payments to himself from Yazdchi's accounts without giving him the opportunity to review the invoices first."

The *Chase* court's discussion of the evidence demonstrates that its ruling was based on evidence that Yazdchi would have known from the bank statements that Ryan was using the power of attorney to make payments on Yazdchi's behalf from Yazdchi's account, and that he nevertheless acknowledged the validity of the power of attorney as valid. The ruling was not based on a finding that Yazdchi failed to act with reasonable promptness in examining the bank statements and in notifying the bank of an alleged lack of authorization; rather, the ruling was based on Yazdchi's knowing and repeated acknowledgement that the power of attorney was valid and that it authorized the bank to allow Ryan access to Yazdchi's funds. Thus, the determination of the power of attorney's validity was essential to the judgment in the *Chase* Lawsuit.

11

**D.**   *Chase* **Judgment's Continuing Validity**

In his remaining arguments, Yazdchi contends that the final judgment rendered in the *Chase* Lawsuit in December 2015 has no effect because the federal district court issued an order vacating the judgment and remanding the case to state court. Although the federal court later vacated that order, thereby reinstating the judgment,[5] Yazdchi asserts that the federal court could not vacate its earlier order because, having remanded the case, the federal court no longer had jurisdiction over the case.

Yazdchi already has litigated this issue in the federal courts and lost. *See Chase II*; *Chase IV*. The federal district court concluded that, by filing a notice of appeal, Yazdchi deprived the trial court of jurisdiction. *See Chase II*, 2016 WL 4097142, at *3. Because Yazdchi did not ask the trial court to vacate its judgment and remand the case until after the court lost jurisdiction, its order purporting to grant the requested relief was void when issued. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998) ("Without jurisdiction the court cannot proceed at all in any cause."); *Ex parte Reed*, 100 U.S. 13, 23, 25 L. Ed. 538 (1879) ("Every act of a court beyond its jurisdiction is void."). The federal district court had the power to acknowledge this,[6] and it did so by setting aside the vacatur-and-remand order on the ground that it lacked jurisdiction to issue it. *See Chase II*, 2016 WL 4097142, at *3. The federal court's judgment on that issue is not subject to collateral attack in state court. *See* U.S. CONST. art. IV, § 1; *Morton v. City of Boerne*, 345 S.W.3d 485, 488 (Tex. App.—San Antonio 2011, pet. denied); *Bexar Metro. Water Dist. v. City of San Antonio*, 228 S.W.3d 887, 895 (Tex.

---

[5] *See Chase II*, 2016 WL 4097142, at *3.

[6] *See Steel*, 523 U.S. at 94, 118 S. Ct. at 1012 ("[W]hen [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L. Ed. 264 (1868))).

App.—Austin 2007, no pet.). The judgment rendered in the *Chase* Lawsuit in December 2015 therefore remains a final judgment with preclusive effect.

We overrule the sole issue presented.

## IV. Conclusion

Because the issue of the power of attorney's validity was finally determined in, and essential to, the judgment in the *Chase* Lawsuit, Yazdchi is collaterally estopped from relitigating the issue. We accordingly affirm the trial court's judgment in Ameritrade's favor.

/s/     Tracy Christopher
Justice

Panel consists of Justices Christopher, Hassan, and Poissant.

13